LoRING, J.,
delivered the opinion of tbe court:
The petitioners claim $45,712.33 for beef, &c., sold and delivered to the United States, under a contract dated February 1,1862.
The contract provided that payment should be made monthly for the beef, &c., delivered, and the evidence showed that the latest deliveries were made in June, 1862. The claims for payment were presented at the War Department and disallowed.
Tbe petition was filed in this court February 3, 1869, and the defendants pleaded in bar the statute of limitations. (Stat. March 3,1863, § 10.)
To this plea the claimants replied “ that said claim was duly presented to the War Department of the United States for settlement and payment; the said Department being the Executive Department where such claims are ordinarily settled, and that the same were disallowed on the 24th clay of October, A. D. 1867. Whereupon these claims first accrued, and the right to file this petition first accrued.”
The Question raised on these pleadings is, whether tbe statute began to run when tbe price for the deliveries, &c., became payable, or when the claims were disallowed at the Department.
We think the claim u first accrued,” in the language and meaning of the statute, when the right to demand the price for the property sold first vested in the petitioner.
*301 And any other construction would defeat the protection of the United States, which the statute intends, for no time is fixed by law in which a creditor of the United States must present his claim to a Department: and if the statute did not attach till such presentment was made, a creditor of the United States, by postponing that presentment, might postpone the operation of the statute at his pleasure, and thus extend the liability of the United States for twelve instead of “ six years,” which is the term of time the statute specifies for the continuance of such liability, and on which it makes the payment of the debt and the loss of its evidence a presumption juris et de jure.
The purpose of a statute of limitation requires that it should not leave the time at which it is to attach at the control of the creditor.
In the case of The United States v. Thomas Clyde, appealed from this court, the Supreme Court, at their present term, decided that the rule of this court, requiring a claimant hereto to first present his claim to the proper Department, transcended the authority of this court, and was of no, legal effect, and they remanded for trial here the claim we had dismissed under that rule. If the presentation to the Department is not obligatory on a claimant, he cannot thereby postpone the operation of the statute of limitations.
We find, as a conclusion of law, that all the claims sued for are barred by the tenth section of the act of 3d March, 1863.
The petition is ordered to be dismissed.