Milligan, J.,'
delivered tbe opinion of the court:
Tbe petitioner seeks to recover the sum of $10,887, which be alleges is-due him from tbe defendants, on account of bis services as surveyor and designated depositary of public money. The case was regularly beard, and, after due consideration, the court find tbe facts to be as follows, viz:
*236 I. The claimant was surveyor of customs for the port of Pittsburgh, Pa., performing the duties of collector. He went into office on the 9th of May, 1861, and continued therein until the 31st August, 1866, a period of five years, three mouths, and twenty-three days.
His compensation was derived from the following sources : A salary of $350 per annum, paid from the Treasury, the fees of office, and a commission of 3 per cent, on customs moneys collected and accounted for by him. These three sources of emoluments are classed by themselves, and out of them he was paid at the rate of $3,000 per annum during his entire period of office, excepting the time from Slay 9 to August 4,1861, under his bond of April 19,1861, when he was paid $205.77, being all that accrued, less the deductable expenses, making a deficiency in his compensation for that time of $516.37.
The claimant collected nothing on account of storage of merchandise in public warehouses.
The amount of receipts, disbursements, and balances of emoluments of the claimant, as surveyor of customs, with the amounts each year retained by him during the whole period of his service, are as follows :

*237 II. During the same period tbe claimant was also a designated depositary of public money under the act of Congress approved August 6,1846. And as such depositary, he received payments of public moneys from miscellaneous sources other than the transactions of his offices, and exclusive of transfer deposits, which he kept and paid out, as follows :
From May 9,1881, to June 30, 1861. $165 65
From July 1, 1881, to June 30,1862. 567, 666 27
From July 1,1862, to June 30,1863. 2,820,573 11
From July 1,1863, to June 30,1864. 4, 789,532 90
From July 1,1884, to June 30,1865. 1,401,158 40
From July 1, 1865, to June 30,1866. 329,218 77
From July 1,1886, to August 31, 1886 . 55,370 26
And upon these deposits no commissions have been allowed or paid the claimant.
III. During the same time the claimant, also as designated depositary, received and kept transfer deposits, being moneys transferred to him from the Treasury and assistant treasurers, and other designated or national bank depositaries, as follows:
During the fiscal year ending June 30,1862.$7,010, 000
During the fiscal year ending June 30,1883. 4,233, 000
During the fiscal year ending June 30,1864... 4,498, 722
During the fiscal year ending June 30,1865. 7,763,266
During the fiscal year ending June 30,1866. 6, 727, 000
During the fiscal year ending June 30,1867 .. „_ 470,000
And for these transfer deposits no commissions have been allowed or paid the claimant.
On the foregoing facts, the court decides that the maximum comjmnsation to which the claimant is entitled as surveyor of customs, performing the duties of collector, at the port of Pittsburgh, Pa., is $5,000, $3,000 of which may be derived from commissions, fees, &c., other than rents and storage, and $2,000, if so much shall be received in one year, from rents and storage.
The court also holds, as a further conclusion of law, under the decision in McLean's Case, (ante, p. 217,) that, in case such surveyor is also a designated depositary of public moneys, and his compensation from the office in which he is in commission has not reached the maximum allowed by law, he is entitled, as depositary, to receive a sum not exceeding $1,500 per an-num, or so much thereof as will make his compensation from all sources $5,000.
*238 ■ The court also holds that for the transfer deposits he is entitled to no compensation.
Here this case would properly end, so far as rules of law are concerned, had not the defendants interposed the statute of limitations, which presents an obstacle in the way of the claimant’s right to recover the whole amount whieh he would be entitled to recover without the interposition of the statute.
The claimant has been paid as surveyor $3,000 per annum, and having derived nothing from rents and storage, he can take nothing further by this action on account of his services, except as designated depositary. The statute of six years, relied on by the defendants, must therefore be applied to this branch of the cáse alone.
The petition was filed on the 6th of June, 1871, and the period for which the plaintiff claims compensation on account of public moneys deposited with him, runs from the 9th of May, 1861, to the 30th of August, 1866. Thus it appears, a portion of this’ period is not within six years next before the institution of this suit, and if the statute be applied, that part of the claim which does not fall within six years before the filing of the petition must be cut off.
The only question necessary to determine whether the statute of limitations applies to a case like this, is, to ascertain when the claimant’s right of action accrued against the Government.
As early as the 26th of August, 1842, (5 Stat. L., § 1, p. 536,) Congress provided that “ The fiscal year of the Treasury of the United States, in all matters of accounts, receipts, and expenditures, estimates and appropriations, shall commence on the 1st day of July in each year$ and the report and estimates required to be prepared and laid before Congress at the commencement of each session by the Secretary of the Treasury, in obedience to the acts of Congress of the 2d of September, 1789, and May 10,1800, shall be a report and estimate for each fiscal year, commencing as aforesaid and terminating on the 30th of June in the succeeding calendar year.”
It is needless to enlarge on the reasons which produced this statute fixing the fiscal year, for they are so obvious and fully stated on the face of the act, that no one can fail to see their importance. In fact, there could be no safe and intelligent administration of the Government without it. The vast and complicated accounts of the Treasury Department must be closed *239 at fixed periods, otherwise endless complications and difficulties would ensue.
All the subsequent legislation of Congress touching the accounts of the Treasury conforms to the spirit of this act, and requires the transactions of each fiscal year to be kept separate.
The Act March 3cl, 1841, § 5, (5 Stat. L., p. 432,) which applies directly to the case in hand, requires every collector of the customs, naval officer, and surveyor of ports to render quarterly accounts, under oath, to the Secretary of the Treasury, of all moneys by each of them received or collected, by virtue of his office, for the fiscal year.
Again, the Act February lli7i, 1846, § 2, (9 Stat. L., p. 3,) requires all accounts of salary, compensation, and emoluments to be rendered quarterly, at the end of each quarter of the fiscal year.
But without pursuing further the various acts of Congress bearing on this subject, it is enough that the maximum compensation to which the claimant is entitled is an annual compensation, derived from his official acts within each fiscal year. It is due at the end of each year, and, if not paid, the right of action accrues; and if the claimant sleeps on this right for more than six years, the Act March 3d, 1863, § 10, (12 Stat. L., p. 765,) interposes a bar to his recovery.
But when the office, as in this case, is continued for more than one year, and the compensation payable annually, the statute, as in the case of a debt payable at several times, that is, by installments, begins to run from the end of each fiscal year, and cuts off all compensation not falling due within six years before the institution of the suit.
Applying the rule here laid down to the case under consideration, it is plain the claimant cannot recover for that part of the fiscal year beginning May 9,1861, and ending June 30, 1861; nor for the fiscal years respectively ending June 30,1862, and 1863, as shown in the tabular statement in finding marked II.
But he is entitled to recover his commissions as designated depositary, beginning with the fiscal year ending June 30,1864, > as follows:

*240

For this sum, $4,625, we find the claimant entitled to recover, and judgment will be entered accordingly.
The Chief Justice dissented on the point of the maximum compensation to which the claimant was entitled.

$502.20. permit fees, was paid to him in this account, to make up maximum.

$916.66 paid to him, included in these sums, was under act of 30th June, 1864.