Drake, Ch. J.,
delivered the opinion of the court:
This action is to recover the sum of $1,713.39, which was withheld from the claimant by Col. J. A. Potter, quartermaster, at Fort Leavenworth, in settling with the claimant for transportation, under a written contract entered into on the 21st of March, 1865, between the claimant and said Potter, on *518 bebalf of tlie United States. The withholding of that sum was on account of alleged partial failure on the part of the claimant in performing his contract.
The controversy is connected in part with the eighth article of that contract, which is in the following words:
“ Aeticle 8. In all cases where stores have been transported by said Henry S. Bnlkley under this agreement, a board of survey shall be called without delay on their arrival at the point of destination or delivery, to examine the quality and condition of the stores transported j and, in cases of loss, deficiency, or damage, to investigate the facts and report the apparent causes, assess the amount of loss or injury, and state whether it was attributable to neglect or the want of proper care on the part of the contractor or to causes beyond his control, and these proceedings, a copy of which shall be furnished to the contractor, shall be attached to the bill of lading', and shall conclude the payments to be made on it. For loss of weight due to shrinkage, and for leakage of vinegar, molasses, or other liquids, the contractor shall not be held liable, if the packages are delivered in good order and condition, and the board of survey shall be satisfied that such shrinkage or leakage did not arise from neglect or want of care on the part of the contractor or his agents. For deficiency or damage the contractor shall pay the cost at the point he receives the articles, and freight shall be deducted in the latter case in proportion to the amount of damages assessed. Should no board of survey be called, through failure on the part of the Quartermaster’s Department, or other military authority, to convene one, it shall be considered that the contractor has delivered all the stores as specified in the bill of lading in good order and condition, and he shall be paid accordingly. If the amount of loss, deficiency, or damage shall exceed the value of the bill of lading, it shall he deducted from any after imyments that may become due. Transportation to be paid in all cases according to the actual distances traveled from the place of departure to that of delivery, distance to [be] indorsed on the bill of lading by the officer or agent receiving the supplies.”
As not unfrequently happens in this court, the case presented in the petition is quite different from that urged at the tfial.
The claim set uj> in the petition is to recover back the *519 -$1,713.39 withheld from the claimant* upon the ground that it was wrongfully withheld.
The claim set up at the trial was to recover that sum because the officers at Denver, Colo., whither the goods were transported, failed to call a board of survey without delay on the arrival of the train at that place, whereby the claimant became entitled to the benefit of that provision in said article which declares that “should no board of survey be called, through failure on the part of the Quartermaster’s Department, or other military authority, to convene one, it shall be considered that the contractor has delivered all the stores as specified in the bill ot lading in good order and condition, and he shall be paid accordingly.”
To the action the defendants plead in bar the limitation under section 10 of the Act March 3, 1863, (12 Stat. L., 765,) which provides “that every claim against the United States cognizable by the Court of Claims shall be forever barred, unless the petition setting forth a statement of the claim be filed in the court or transmitted to it under the provisions of this act within six years after the claim first accrues.
In constructing this statute in the case of Battelle & Evans, (7 C. Cls. R., p. 297,) we held, as to property sold, that the claim first accrued, in the meaning of the statute, when the right to demand the price for the property sold first vested in the claimant, and not when the War Department refused to pay the claim.
In Wilder v. United States, (13 Wallace R., p. 254,) the Supreme Court held, in regard to services rendered, that the time at which they were rendered was the time at which the claim first accrued, and not the time of a subsequent payment therefor.
In the case in hand it might be questioned whether the claim first accrued at the time of the arrival of the train at Denver and its report to the proper officers there, or after a board of survey had been appointed and had made report.
But it is not necessary to inquire into or discuss those questions, for the acts of both parties, done at the time and without controversy, settle the matter.
In the voucher issued to the claimant for the service of the train, the 16th of November, 1865, is stated as the day when compensation was due to him for that service; and there is no *520 evidence tending' to show that performance of the service was completed on any later day than that. Under this voucher the claimant was paid for the service. It is therefore certain that on that day, if not before, the claim had accrued to Mm.
The claim as then accrued was for all that had been earned by the service in question under the terms of the contract; though upon a subsequent settlement deductions might have to be made.
Hence, on the 16th of November, 1871, the time expired for suing here for any part of that claim.
The petition in this suit not having been filed in the court until the 28th of December, 1871, the claim is barred by the limitation prescribed in the Act March 3, 1863.
This bar is not removed by the payment by the defendants on the 15th of March, 1866, (less than six years before the petition was filed,) of the amount due the claimant for the service in question, less the sum now claimed. In Wilder v. United States it was decided that a promise to pay cannot be inferred from the mere fact of payment of part of a debt; but it must appear that the party paying intended by the payment to acknowledge 'and admit the greater debt tobe due. If it-was not in the mind of the debtor to do this, then the statute, having begun to run, will not be stopped by reason of such payment.
In this case it cannot for a moment be supposed that the officers of the Government, in paying the claimant the balance of the value of this service, after deducting the $1,713.39, for alleged failure on his part in the premises, intended, by the payment of that .balance, to acknowledge and admit that the deduction was^wrougful, aud that the amount withheld was in fact rightfully due to the claimant. In the words of the Supreme Court, “instead of being applicable to an admitted debt, it was in denial of the right to further payment.
Upon these grounds the petition must be dismissed.