He submits his box to the Ordnance Department; it is recommended by a military board and adopted by the Secretary of War. Thereupon the Ordnance Department proceeds to manufacture without purchasing the right, but with the knowledge and assent of the patentee. He brings his action to recover the implied license-fee.
It appears that there is no established license-fee, but that two other parties have paid him twenty-five cents a box; which would be a reasonable royalty on an article of that cost if the patent covered it entirely; but that in this case the box was in one particular covered by the prior patent.
But it also appears that the claimant has produced about-all the evidence on the question of damages that the nature of the case admits of, and the defendants none.
Held by the Court of Claims:
I. The history of English patent law examined, and the fundamental distinction between it and American patent law stated.
*758 II. Neither the word “patent” nor theword “grant" is used in the Constitution, The ■words used, “securing” “to inventors the exclusive right to their” “discoveries,” do not imply that as to patented articles needed hy the Government the right shall not he exclusive.
III. The Government cannot make use of a patented invention without the license of the inventor or making him compensation therefor.
IY. If a patented article was submitted by the inventor to the War Department and adopted by the Secretary of War, it will not be presumed that a gratuitous license was intended by the one party or a tortious infringement by the other; and it will be held that the Government manufactures under an implied license, and for a reasonable royalty.
Y. This court has jurisdiction of an action brought upon an implied license to manufacture a patented article, the manufacture by the Government being with the patentee’s assent, and the damages sought a reasonable license-fee. Such a suit is an action upon an implied contract for the use of the invention.
VI. When there is no established license-fee for the right to manufacture a patented article, and the claimant has produced all the evidence of its value that the nature of the case admits of, and the defendants have produced no evidence whatever, the court will compute the damages from such elements as (1) the manufacturer’s price of the article; (2) the percentage which ordinarily constitutey a fair royalty; (3) the judgment of a competent expert familiar with the sale of licenses for similar patented articles; (4) the price paid by two individuals for licenses under this patent.
VII. Where effect is given in this court to questionable evidence by deducing from it a finding of facts, its sufficiency can be passed upon by the Supreme Court; but where questionable evidence is excluded by this court, the ruling cannot be reviewed in the court above.
The Court of Claims gave judgment for the claimant, and the defendants^ appealed.