Richardson, Ch. J.,
delivered the opinion of the court:
The claimant in his petition alleges that he was a commissioner of the Circuit Court of the United States for the southern district of Alabama from September 1, 1882, to March 8, 1884; that he kept a docket by order of the court, in which entries were made in three hundred and thirty-four causes wherein issue was joined and testimony given ; in sixteen causes wherein issue was joined but no testimony given, and in thirty-six causes which were dismissed or discontinued; that his accounts for docket fees in said causes, duly verified by oath, were for warded to the district attorney, by whom they were submitted for approval in open court, and the court passed upon the same and approved them, and they remain unpaid.
The action is founded upon the provisions of Revised Statutes, sections 828-847, establishing the fees of commissioners, and involves, except in one point, precisely the same questions of law that were raised in Wallace’s Case, decided in favor of the claimant by this court (20 O. Ols. R., 273), and affirmed by the Supreme Court on appeal (116 U. S. E., 398).
In this case it does not appear that the claim has ever been presented to the accounting officers of the Treasury, but it is alleged in the petition that: u Before the commencement of *245 this suit the First Comptroller of the Treasury made and published a- decision that he would refuse to allow, or permit to be allowed, by the accounting officers of the Treasury, any claim or demand, by whomsoever made, against the United States for fees of commissioners of circuit courts of the United States of the kind and character sued for herein, and he has continued to refuse and still refuses to allow the same.”
A general demurrer is filed by the defendants, and in support of it the only ground relied upon is that no demand for payment was made before suit brought.
In Clyde's Case (13 Wall., 35, and 7 C. Cls. R., 262) the Supreme Court decided that a rule of this court (3 C. Cls. R., Y) which required that “ in every case where the claim is such as is ordinarily settled in any Executive Department, the petition shall show that the application for its allowance has been made to that Department, and without success, and its decision thereon,” was void and of no force because, in the language of the opinion, “ it required the claimant to do what the acts giving the court jurisdiction did not require him to do before it would assume jurisdiction of his case.”
On the part of the defendants it is urged that the present case is distinguishable from the Clyde Case by reason of the following provisions of the act of February 22,1875, chapter 95, section 1 (1 Supp. Rev. Stat., 146):
“ United States commissioners shall forward their accounts, duly verified by oath, to the district attorneys of their respective districts, by whom they shall be submitted for approval in open court, and the court shall pass upon the same in the manner aforesaid.
“ Accounts and vouchers of clerks, marshals, and district attorneys shall be made in duplicate, to be marked, respectively, ‘ original ’ and ‘ duplicate.’
“ And it shall be the duty of the clerk to forward the original accounts and vouchers of the officers above specified, when approved, to the proper accounting officers of the Treasury, and to retain in his office the duplicates, where they shall be open to public inspection at all times.
“Nothing contained in this act shall be deemed in any wise to diminish or affect the right of revision of the accounts to which this act applies by the accounting officers of the Treasury, as exercised under the laws now in force.”
It is urged that the right of revision by the accounting officers of the Treasury referred to in that act makes it necessary that *246 the accounts should be presented to those, officers before suit brought. We have recently had occasion to pass upon the effect of that provision in case of Waters, who was a district attorney ^ and whose accounts,'like those of commissioners, are subject to this statute, wherein we said (21 C. Ols. B., 30):
“ This means nothing more than that the approval or disapproval by the court shall not be held to be a judicial act, conclusive upon all parties, but shall be regarded merely as a step or process in the executive business of settling accounts, as we held in Turner's Case (19 C. Cls. R., 629). The right of revision by the accounting officers thus referred to ‘ as exercised under existing laws now enforced ’ is found set forth in Bevised Statutes, section 846. After requiring the accounts of district attorneys and others to be certified by a judge and presented to the Treasury Department, it is there enacted that£ they shall then be subject to revision upon their merits by said accounting officers, as in the case of other public accounts.’
“ This leaves the powers and duties of the accounting officers of tbe Treasury as to the accounts of district attorneys precisely the same as they exist in relation to all other accounts adjusted and settled by them; no greater and no less.”
From some cursory language in the opinion of the court in the Kaufman Case (96 U. S. R., 571), it might be inferred that there are claims which can be paid by the Treasurer ou mere presentation to him, without the long process of accounting, in which accounts pass through the offices of the Auditor, Comptroller, Begister, and Secretary; and that language is relied upon by the defendants in this case. In point of fact there are no such claims.
In Kaufman’s Case the Commissioner of Internal Bevenue had made an allowance under Bevised Statutes, section 3244, for taxes illegally assessed and collected, and the action was founded on that allowance. Although the judgment of this court for the claimant was affirmed, the Supreme Court says: ■“It does not appear in express terms that those charged with the duty of actually making the payment are in any respect at fault. For all that is shown in the finding, if the claimant had called upon the Treasurer he would have received his draft on the Treasury, and, when that was properly presented, the money.”
Now, by the laws of Congress and the practice of the Department, payment by the Treasurer can never be made in that to ay. That officer makes no payment of claims or accounts except *247 upon a warrant signed by tbe Secretary of the Treasury and countersigned by the First Comptroller, after having been audited by one of the Auditors and favorably decided upon by one of the Comptrollers, and recorded in the office of the Register or of an Auditor (Rev. Stat., §§ 277, 273, 283, 248, 245, 246, 269, 3675), as we pointed out in McKnight’s Case (13 C. Cls. R., 299), where all the processes of accounting in the Treasury Department are minutely explained. The judgments of this court, even when affirmed by the Supreme Court, and allowances made by the Secretary ofthe Treasury or other public officer under authority of law, cannot be paid by the Treasurer until they have been subjected to this piocess of accounting, and a warrant drawn “ in pursuance, of appropriations made by law.” (liev. Stat., § 248; Constitution, Art. 1, § 10.)*
But claimants may bring actions in this court and establish their legal rights, if they.have any, not pnly before making demand on the Treasurer, but before subjecting their demands to the process of accounting, and even before an appropriation is made from which they can be paid. (Collins’s Case, 15 C. Cls. R., 22.)
There are some cases in which Congress has intrusted to the head of a Department or other officer the authority to pass upon the claims of parties before they have any legal standing elsewhere. (Broughton’s Case, 12 C. Cls. R., 333; Beal Estate Savings Bank’s Case, 16 id., 335; affirmed on appeal, 104 U. S. R., 728; Sybrandt’s Case, 19 C. Cls. R., 461; Ramsey’s Case, 14 id., 307.) But if the present claim comes within that class it is because the act of 1875 requires it to be approved by the court, and that has been done, and the rights of the claimant are fixed.
There is, therefore, nothing in the facts or law to take this case out of the rule laid down by the Supreme Court in the Clyde Case.
The statute of limitation is also invqlved in the question, for if claimant were required to demand payment before bringing suit in this court, then the statute would begin to run from the time of making demand, whereas it has been held that a cause of action first accrues within the meaning of the statute of limitation (Rev. Stat., § 1069) when the claimant is entitled to his money without reference to demand of payment except in some special cases. (Battelle & Evans’s Case, 7 C. Cls. R., *248 297; Taylor's Case, 14 id., 340; affirmed on appeal, 104 U. S. R., 216; Bulkley's Case, 8 C. Cls. R., 519.)
The rule of this court, set aside by the decision of the Supreme Court in Clyde’s Case, was made upon the assumption thus stated in one of the opinions in Sweeney's Case (5 C. Cls. R., 293): “ To allow every creditor of the Government his option to bring suit in the Court of Claims or have his account adjusted at the Department would produce the wildest confusion in public accounts, and ■ overwhelm this court with business oftentimes in a single day which it could not dispatch in a year.”
It is now more than fourteen years since the Clyde decision was promulgated, and, although during all that time claimants have been relieved from presenting their demands to the accounting officers before bringing suit in this court, experience has proved that the fears expressed in the Sweeney Case have not been realized! Very few cases have come here before all effort to obtain payment of the claims at the Treasury Department have been exhausted, and those few were of classes in which the Comptroller, in passing upon one of a class, had, as in the present case, decided against them all, whether before him or not.
The reason for this is plain. If a claimant presents his demand to the accounting officers he is not subjected to the expense of a trial as in a court of law, but may substantiate his demand by affidavits and other evidence not competent in a judicial investigation. [Brannen's Case, 20 C. Cls. R., 219; McClure & Porter's Case, 19 id., 26.) Moreover, if it be allowed by the Comptroller there is no appeal, and he is paid at once. (Rev. Stat., § 191.) And if it be disallowed he can still come to this court and have his rights judicially determined. But if he brings his action here first, and it is decided against him, either by this court or on appeal by the Supreme Court, he cannot then take the same claim to the accounting officers, for it is by statute forever barred. (Rev. Stat., § § 1092, 1093.) Claimants, under the advice of counsel, are, of course, not disposed thus to close to themselves, without effort, any avenue, especially a simple, inexpensive, and easy one, by which there exists any probability or possibility of obtaining a favorable decision.
The order of the court is that the demurrer be overruled, and *249 that unless the defendants elect within ten days to plead to the petition, judgment will be rendered for the claimant, according to the prayer of the petition, as provided by rule 16, for the sum of $1,070.