Bichardson, Ch. J.,
delivered the opinion of the court:
This claim was transmitted to the Court of Claims by the Committee on War Claims of the House of Representatives February 17, 1886, under the provisions of section 2 of the Act of March 3, 1883 (22 Stat. L., 485), commonly called the Bowman Act.
The claimants filed their petition here March 30, 1886, setting out substantially:
That in February, 1862, they entered into a written contract with the United States,, through Captain McKenzie, to furnish the division under the command of General Lander, then in camp near Cumberland, with fresh beef.
That in May, 1862, a new contract was made, not in writing, by which the claimants were to follow the army on its forward movement and to supply it with fresh beef, and that for so doing they were to receive a fair and reasonable price for the increased cost and expenses incident to such delivery, and the United States were to deliver back to the claimants on the line *251 of the railroad the hides and tallow of the slaughtered animals.
That the claimants did deliver to the United States one thousand six hundred head of beef cattle on said forward movement, and in all respects kept and observed their contract.
That the United States utterly failed either to return to the railroad or to furnish transportation thereto the hides and tallow of said slaughtered animals, and that the hides and tallow were reasonably worth $13 per head, and were a total loss to the claimants in consequence of the default of the United States.
That the claimants have recovered for the value of the beef furnished under the contract and the additional cost and expenses for the delivery to the army on its march by a judgment of this court (7 C. Cls. R., 207), but have received nothing on account of the failure of the United States to return the hides and tallow.
They claim $28,000 for the value of the hides and tallow.
April 1,1886, the defendants filed a motion to dismiss on the ground that the claim was barred at the time of the passage of the act of 1883, chapter 116 (22 Stat. L., 485), commonly called the Bowman Act, which, in section 3, provides as follows:
“ Bor shall the said court [of Claims] have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
The petition clearly sets out a claim founded on contract of which this court had jurisdiction under the act of February 24, 1855, chapter 122, section 1 (now Bev. Stat., § 1059). Beference is made in this petition to a judgment of this court between the same parties on this same contract, and we may, therefore, look to our records to see what has heretofore been done.
We find that the claimants brought an action on the contract February 3, 1869, wherein it appeared that their claims first accrued June'l, 1862. The defendants pleaded the statute of limitations (then the Act of March 3,1863, § 10,12 Stat. L., 767, now Bev. Stat., § 1069). The court found, as a conclusion of law, that the claims sued for were forever barred by that act, and judgment was entered dismissing the petition. (7 C. Cls. R., 297.)
*252 Subsequently Congress passed an act authorizing and directing the Court of Claims “ to again take up, hear, and pass upon the claim of Batteile & Evans for cattle and beef sold and delivered by them to the United States for the use of the Army in the year 1862,” and to adjudge the same upon its merits, without reference to the statute of limitations (Act of April 15, 1872, ch. 100, 17 Stat. L., 651). The court did thereupon take up and pass upon the claim again, and on March 10, 1873, judgment was entered in favor of the claimants for the sum of $23,875.33 (8 C. Cls. R., 295), which judgment was paid at the Treasury.
This plain statement of the case makes it too clear to admit of a doubt that at the time of the passage of the Bowman Act the claim was barred within the meaning of the third section of that act, by the following sections of Revised Statutes:
“ Sec. 1069. Every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues.
“Sec. 1092. The payment of the amount due by any judgment of the Court of Claims and of any interest thereon allowed by law, as hereinbefore provided, shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.
“ Sec. 1093. Any final judgment against the claimant on any claim prosecuted, as provided in this chapter, shall forever bar any further claim or demand against the United States arising-out of matters involved in the controversy.”
The court has considered the meaning of the words in the Bowman Act, “ barred by virtue of the provisions of any law of the United States,” in several cases, and we refer to the opinion of the court on those cases for a full exposition of our views. (McClure & Porter's Case, 19 C. Cls. R., 18; Dunbar Case, ib., 489; Dennis Oase, 20 id., 120; State of Illinois Case, ib., 348.)
The claimants’ petition is therefore dismissed, and the .clerk of the court is directed to transmit a copy of this opinion to the Committee on War Claims of the House of Representatives.