Scopield, J.,
delivered the opinion of the court:
The claimant was a commissioner of the Circuit Court of the United States for the eastern district of Texas, and as such kept, by order of the court, a docket in which he entered the proceeding’s of all criminal cases heard by him. Under the authority of section 847 of the Revised Statutes he charged for his services “the same compensation as is allowed to clerks for like service” by section 828.
The whole of the account was duty verified and approved by the court. Part of it was presented to the accounting officers of the Treasury Department, but payment was refused. Payment of the remainder has not been demanded in the Department. None of it has been paid.
Two questions are presented for the opinion of the court:
(1) Are the charges legal and for the defendants to pay?
(2) Is the presentation of this claim to the Treasury Department a prerequisite to recovery here?
In Wallace’s Case (20 C. Cls. R., 273) this court held, as stated in the head notes, that—
I. An order of a Circuit Court requiring each commissioner to *268 keep a prescribed docket in criminal proceedings before Mm is a legal requirement entitling the commissioner to compensation.
II. A commissioner legally bound to keep a docket of cases coming before him is entitled, under section 847, to the fees prescribed for clerks by section 828.
III. When a statute allows a commissioner the compensation allowed to clerks for “ like service,” it means similar, net identical, service. The case was affirmed, on appeal, by the Supreme Court. (116 U. S. E., 398.)
This disposes of the first question.'
In Eavesies’s Case, decided at this term, the court held that the failure to present á claim to the Treasury Department for settlement does not stand in the way of a recovery here. The opinion given by the chief justice cites and reviews former decisions of this court and the Supreme Court upon this subject and exhaustively discusses the question. It is unnecessary to go over the ground again.
This disposes of the second question.
Judgment will be entered for the claimant in the sum of $200.