Scofield, J.,
delivered tbe opinion of tbe court:
Tbe claimant was a commissioner of tbe Circuit Court of tbe United States for tbe western district of North Carolina. As such be was required by the court to keep a docket, and record therein all criminal proceedings bad before him. In this *323 docket be recorded the proceedings in four hundred and twenty-three cases. His fees therefor, made up according to sections 847 and 828 of the Revised Statutes, amounted to $-.
June 10, 1885, the claimant made up his account for all fees that had previously accrued, and verified it by his oath. On the same day it was presented to the District Court and approved.
A certified copy was presented to the Treasury Department and payment demanded, but the same was refused.
A part of these fees had accrued more than six years before the claimant’s petition was filed in this court.
Is that part barred by section 1009 of the Revised Statutes?
In the judgment of the court the question must be answered in the affirmative. That section provides that—
“ Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues
The six years, by the plain provision of this statute, begins to run when the claim first accrues. That the fees in this case accrued at the time when the commissioner might have lawfully demanded payment will not be- denied. After the fees became payable he had six years in which to make out his account, verify it by oath, present it to the District or Circuit Court for approval,- and prepare and file his petition in this court. In the case of Wilder v. The United States (13 Wall., 254) the Supreme Court held that when no time of payment was fixed in the contract the statute of limitations began to run from the time the services were rendered.
But it is said the commissioner is forbidden to demand payment of the fees until the end of the fiscal year in which the services were rendered. Forbidden by what law of Congress ' or by what rule of court or by what usage in the Treasury Department? We are referred to sections 237 and 257 of the Revised Statutes, which supersede the Act of August 26, 1842 (5 Stat. L., 536). These sections contain nothing of the kind. They only provide that the fiscal year shall begin on the 1st day of July, apd that—
“All accounts of receipts and expenditures required tobe published annually shall be prepared and published for the fiscal year as thus established.”
*324 There is not a word that bears even remotely upon the time when accounts or claims shall become due or when they shall be paid. No payments are hastened and nonedeferred by this act. Itmight be claimed with equal propriety that this statute postpones to the end of the fiscal year the liquidation of all claims which have no special day designated for payment.
If officers with large salaries, so lar^e indeed as to place them beyond the necessity of frequent payments, are, nevertheless, authorized to demand payment at least four times a year, even in long vacations, while rendering no service to the Government, why should the court, by a forced and illiberal construction of the statutes, attempt to postpone to the end of the year payments of the slowly-accrued earnings of these officers. We do not assent to this harsh construction. The law is more lenient and has kindly and expressly provided, in section 856 of theKevised Statutes, that “fees of * * * commissioners, in cases where the United States are liable to pay the same, shall be paid upon settling their accounts at the Treasury -, ” not at the end of a year, but as often as they choose to present and settle their accounts.
The cases of Bachelor (8 C. Cls. R. 235) and Elsworth (14 id., 382) are cited to sustain this construction. These were cases in which the officers were entitled to annual salaries, ranging m amount according to the amount of business transacted in their offices during each current, year. They were paid in part by specific appropriations and in part by fees which could not well be settled until the close of the year. The case at bar does not correspond in its fact nor come within the reason in these cases.
We find no law for, and see no justice in, delaying to the end of the year the payment of fees long before earned. Such a rule might now and then, as in the present case, save to a negligent claimant a trifling sum of money, but it would postpone for an unnecessary length of time the compensation of a much larger and more deserving, because more diligent, class of officers.
The claimant further contends that the statute of limitation runs only from the time when the account is approved by the Circuit or District Court, and supports this position by the Act February 22,1875 (18 Stat. L., 333), which is as follows:
“That before any bill of costs shall be Taxed by any judge, or other officer, or any account payable out of the money of the *325 United States shall be allowed by any officer of the Treasury in favor of clerks, marshals, or district attorneys, the party claiming such account shall render the same, with the vouchers and items thereof, to a United States Circuit or District Court, and, in presence of the district attorney, or his sworn assistant, whose presenceshall be noted on the record, provein open court, to the satisfaction of the court, by his own oath or that of other persons having knowledge of the facts, to be attached to such account, that the services therein charged have been actually and necessarily performed as therein stated, and that the disbursements charged have been fully paid in lawful money, and the court shall thereupon cause to be entered of record an order approving or disapproving the account, as may be according to law and just.
“United States commissioners shall forward their accounts, duly verified by oath, to the district attorneys of their respective districts, by whom they shall be submitted for approval in open court, and the court shall pass upon the same in the manner aforesaid.”
The purpose of this act is not to fix a time when the fees shall become payable, nor, in any manner, interfere with the statute of limitations, but simply to prescribe the mode of authenticating them after they have become payable. No bills, either public or private, are paid without some kind of authentication. Accounts have to be written out, examined by the payor and receipted by the payee. In some cases, as in settling decedents’ estates, they are required to be verified by oath. This statute goes one step further, and requires the officer to present them to the court for approval. I,fc does not authorize any delay on his part. If he wants the aid of this court, he must perform his part of this preparation within six years. If the statute runs only from the date of the court’s approval, practically there would be no limitation at all. The commissioner could choose his own time in which to make out and present his account, and thus make the court the medium of reviving a stale and outlawed claim.
This question was substantially decided in Emmons v. Haywood (6 Cush., Mass., 501). The point in this case is thus stated in a note to section 116 of Angel on Limitations:
“ A. agreed to pay money on demand, provided the demand should not be made until a certain event. By his own act he postponed the happening of that event. Held, that he could not take advantage of a lapse of time which was caused by his own act.”
*326 As the claimant in this case slept upon his rights for more than six years, he has nobody to blame but himself. The court acted promptly upon his tardily-presented account.
Whether the approval of the District Court is a condition precedent to a recovery in this court, and whether a delay on the part of that court in acting upon a commissioner’s account, verified and presented for approval in due time, would suspend the running of the statute, are questions not necessarily involved in this case, and no opinion is now given thereon.
With these views of the case, the 'court rejects that part of the claim which accrued prior to June 26, 1879.
The remainder of the claim comes within the rule laid down in Wallace's Case (20 C. Cls. R., 273) and affirmed in the Supreme Court (116 U. S. R., 398), and is allowed:
Judgfnent will be entered in favor of the claimant in the sum of $864.