RicnAEDSON, Oh. J.,
delivered the opinion of the court:
The defendants move to dismiss the petition, in accordance with a rule of the court, on the ground that it appears upon the face of the pleadings that the claim sued upon first accrued more than six years preceding the date on which the petition was filed, and that it is therefore forever barred under the following provisions of the Revised Statutes:
“Sec. 1009. Every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives as provided by law, within six years after the claim first accrues.
11 Provided, That the claims of married women first accrued during marriage, of persons under the age of twenty-one years first accrued during minority, and of idiots, lunatics, insane persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from *415 being barred, nor shall any of the said disabilities operate cumulatively.”
In relation to this statute the court has the following rule:
“If it appear on the face of the petition that the claim first accrued more than six years before the petition was filed, the claimant must aver therein the existence and period of duration 'of some disability, recognized by law, which prevented his filing his petition within that time; in default whereof it will be considered that no such disability existed, and the. petition may be dismissed on motion.”
In the petition it is alleged that “The contract on which the suit is founded was made on the 3d day of October, 1882. All the work contracted for, and all which is subject to this claim, was finished on or before the 24th day of November, 1883; and all payments which the officer in charge of the work thought proper to make were made on or prior to that date.”
The petition was filed December 1, 1890, and no disability, recognized by law, which prevented the filing of his petition within time “prescribed by law,” is averred therein.
The claimant seeks to avoid the effect of the statutory bar on two grounds, as set out in his brief:
“First. The demand of the claimant was not a claim, within the meaning of the statute, until it had been made known to and considered and rejected by the accounting officers.
“Second. If the statute began to run when the work was done, it ceased to run when the account and demand were presented at the Treasury.”
Neither ground is tenable. We can not accede to the contention of the claimant as to the meaning of the word “ claim ” as used in the statute. His demand was as much a “ claim against the United States cognizable by the Court of Claims’’ before as after it had been made known to and considered and rejected by the accounting officers.
A claim first accrues when money becomes payable, unless a special demand is required by law. It is so by the common law, which allows a suit to be brought upon a promissory note without a special demand, although the note itself contains a promise to pay on demand. A demand or presentation to the Treasury Department before bringing suit in this case was not necessary.
The Supreme Court held in Clyde’s Case (13 Wall., 39, and 7 C. Cls. R., 262) that the Court of Claims could not make a valid rule requiring claimants to allege and prove that “in *416 every case where the claim is such as is ordinarily settled in any Executive Department the petition shall show that application for its allowance has been made to that Department and without success,” because the rule, as the Supreme Court said, “ required the claimant to do what the acts giving the court jurisdiction did not require him to do before it would assume jurisdiction of his case.”
This point has been so often before the court, and has been so fully considered in several cases, in which it has uniformly been held that a previous demand on an Executive Department is not required before commencement of a suit in this court, that it is sufficient merely to refer to some of the cases on the subject: Batelle and Evan’s Case (7 C. Cls. R., 297); Buckley’s Case (8 C. Cls. R., 519); Kendall’s Case (14 C. Cls. R., 122), affirmed on appeal (107 U. S., 123); Leonard’s Case (18 C. Cls. R., 382); Ravesies’s Oase (21 C. Cls. R., 243); Bryan’s Case (21 C. Cls. R., 249); Spann’s Case (21 C. Cls. R., 267); Cotton’s Case (29 C. Cls. R., — ); wherein is reviewed the case of United States v. Fletcher (147 U. S. R., 067).
On the claimant’s second point we know of nothing that prevents the running of the statute of limitation other than the disabilities specified in the statute itself (Wilder’s Case, 13 Wall., 254), and nothing which makes it cease to run when once begun, other than the filing of a petition in this court, except in cases transmitted by the head of an Executive Department under Revised Statutes, section 1063, as to which the Supreme Court held in Lippitt’s Oase (100 IT. S., 033) that the presentation of such claim to the proper Department within six years after it first accrued stops the running of the statute.
But the decision in Lippitt’s case has no reference to a case commenced here, like the one now before us, by the voluntary petition of the claimant. We so held in the case of Green, whose voluntary petition, not filed within six years after his claim first accrued, was dismissed (17 C. Cls. R., 174), but upon the same claim, afterwards transmitted by the Secretary of War under Revised Statutes, section 1063, he recovered judgment (18 C. Cls. R., 93).
The motion is allowed and the petition is dismissed.
Nott, J., was not present when this case was argued and took no part in the decision.