### KENNEDY et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1897.)

1. LIMITATION OF ACTIONS—CUSTOMS DUTIES—CLAIMS AGAINST UNITED STATES.

In a suit against the United States for drawbacks on exportation of imported goods, the six-years limitation contained in the act of March 3, 1887, relative to suits against the United States, begins to run from the date of exportation, not from the date of the decision of the treasury department passing upon the claim.

2. CUSTOMS DUTIES—ACTION FOR DRAWBACKS—PARTIES.

Rev. St. § 3477, relating to assignments of claims against the United States, etc., does not apply to a claim for drawbacks on re-exported goods, made in the name of a person producing an outward bill of lading in his own name, though a third party was the real owner of the goods, since at its

inception the claim against the United States was the claim of the person named as exporter.

**3. SAME—RIGHT TO DRAWBACK.**

No right of drawback arises, under Rev. St. § 3019, when bags made of imported materials are leased to steamers for foreign voyages with the understanding that they are to be brought back again to the United States.

This was an action at law by Joseph S. Kennedy and William R. Moon, partners under the firm name and style of Kennedy & Moon, against the United States, under the act of March 3, 1887, which provides for the bringing of suits against the United States. The plaintiffs sought to recover the sum of $8,517.39 as drawbacks upon certain bags made of imported jute, and exported, under Rev. St. § 3019. The case was tried upon two of the entries, of which there were some 87 on the bill of particulars, namely, on the entry of the bags alleged to have been exported by the petitioners on the 8th of March, 1888, by the Ariete, and on the entry on the Sirius, December 8, 1888.

It appeared that the bags in question never belonged to the petitioners, but were the property of D. W. Mainwaring & Co., who leased them to the various steamers named in the bill of particulars, and that the bill of lading was indorsed to Kennedy & Moon, to act as exporters, for the benefit of drawback, by said firm of Mainwaring & Co.

Rev. St. § 3019, reads as follows: "There shall be allowed on all articles wholly manufactured or materials imported, on which duties have been paid when exported, a drawback equal in amount to the duty paid on such materials, and no more, to be ascertained under such regulations as shall be prescribed by the secretary of the treasury. Ten per centum on the amount of all drawbacks so allowed shall, however, be retained for the use of the United States by the collectors paying such drawbacks respectively." The regulation made by the secretary of the treasury January 5, 1885 (S. 6708), provides as follows: "The person producing an outward bill of lading in his own name, or duly indorsed to him by the party named in the bill of lading, authorizing the indorsee to act for customhouse purposes, shall be recognized as the exporter of the bags and bagging or meats for the purpose of making entry and receiving the drawback or a refund."

The petitioners insisted that they were entitled to recover, for the reason that there was an exportation of the bags in question, within the meaning of Rev. St. § 3019: citing Kidd v. Flagler, 54 Fed. 367, upon which case they principally relied. The defendants maintained, by way of partial defense: (1) That the right to recover on a large number of the entries on the bill of particulars had expired by reason of the proviso in the second paragraph of the act of March 3, 1887, relating to suits against the United States, which reads as follows: "Provided that no suit against the government of the United States shall be allowed under this act unless the same shall have been brought within six years after the right accrued for which the claim is made." (2) That the parties plaintiff were not the real owners of the cause of action, and consequently not the proper parties to sue on the claim, under Rev. St. § 3477, relating to the assignment of claims against the United States. (3) That there was no evidence in the case to show that the bags in question had been taken without the United States and brought into some port, harbor or haven, with intent to land the goods there." (4) That, assuming that the bags had actually been taken without the United States upon the vessels to which they had been leased, there never had been such exportation thereof, within the meaning of Rev. St. § 3019.

Albert B. Comstock, for plaintiffs.

Wallace Macfarlane, U. S. Atty., and James R. Ely, Asst. U. S. Atty.

LACOMBE, Circuit Judge. This case was taken under advisement by the court, after being partially tried, in order to rule upon two questions which it was agreed covered all the items in the bill of particulars, and upon one question (the statute of limitations) which it was contended covered some of the items only; also, to rule upon the sufficiency of certain evidence given as to the first two items, with the expectation that, after the court had thus indicated its opinion as to the weight of the testimony, some stipulation as to the facts might be entered into, with a view of shortening the trial. The court has considered all these questions, bearing in mind the desirability of so disposing of the case in the first instance that in event of an appeal a new trial may not be necessary.

1. The evidence which was introduced as to the two items was sufficient to satisfy the court that the articles in question had been manufactured of materials imported, which had paid duty when so imported, and that the evidence submitted by the plaintiffs substantially conformed to the regulations of the secretary of the treasury touching proof to be made upon claims for drawbacks.

2. In the opinion of this court, the statute of limitations runs from date of exportation, not from the date of the decision of the treasury department passing upon these claims.

3. The provisions of section 3477 of the Revised Statutes do not apply, for the reason that under the regulations of the treasury department (S. 6708; dated Jan. 5, 1885), it is provided that the person producing an outward bill of lading in his own name, or duly indorsed to him by the party named in the bill of lading, authorizing the indorsee to act for customhouse purposes, shall be recognized as the exporter of the bags, for the purpose of making entry and receiving the drawbacks or refund. Since in this case it was the plaintiffs' firm, and not the manufacturer of the bags, who produced the outward bill of lading, the claim against the United States was, at its inception, the claim of the plaintiffs, and no assignment of it as a claim was necessary to entitle the plaintiffs to recover.

4. Upon the evidence as it stands, I do not think plaintiffs are entitled to recover, for the reason that the bags in question were "leased" to the steamship company, with the understanding, of course, that they were to be brought back to this country. They were not "exported," within the meaning of section 3019.

The result is that a judgment should be directed for the defendant. There should be no difficulty in so preparing the statement of facts that upon appeal all of these questions may be passed upon.