Nott, Ch. J.,
delivered the opinion of the court:
This is an action brought to recover royalty on a patented device. It appears that 721 carbine holders were manufactured by the Government for use in the Army more than six years before the bringing of this action.. On the part of the claimant it is contended that these holders were in military use presúmptively after their manufacture and within the six years. On the part of the defendants it is contended that there is no evidence whatever of actual use. The resulting question is, whether the claim is barred by the statute of limitations.
The principles governing the practice of ordinary patent litigation are so firmly grounded in the professional mind that it is very difficult for the attorneys in a patent case in this court to bear in mind the fact that a suit here for the use of a patented device is an action on a contract and not an action for an infringement. The principles are distinguishable; and the two classes of cases have hitherto been delineated by the court. Speaking generally it may be said that this court has jurisdiction where a State court would have jurisdiction if the suit were between ordinary litigants, and does not have jurisdiction where a United States court would have jurisdiction of an action for an infringement. (GilVs *108 Case, 25 C. Cls. R., 415.) The statute of limitations, therefore, is to be applied to the case as a case of contract, and not as if it were a case of infringement.
The statute of limitations according’ to its own terms begins to run from the time when the claim first accrues (Eev. Stat., sec. 1069); and the claim first accrues at the time when the debt becomes due and payable; that is to say, at the moment when an action can first be brought to recover it.
Where the time at which the debt becomes due is fixed and certain, there is, of course, no difficulty in determining the point of time at which the statute begins to run; but there are other cases, and especially cases of a continuing demand, where the determination of this point of time is not easy. If the Government takes a man’s wagon under an implied contract for temporary use, or if it occupy a building under an implied lease, the question arises whether the owner can wait until the wagon is returned or the building vacated and then have six years within which to bring his action. ■ Conversely, the question may arise in another suit whether the owner must wait until the wagon be returned or the building be vacated before he can bring an action for a part of his compensation. In Patterson’s Case a statute authorized a commissioner to present his account to a district or circuit court for scrutiny and approval, and a commissioner did so, and the court approved the account. The claimant contended that such an account was an entirety and that the statute of limitations did not begin to run till the end of the account, the date of its last item; but this court held that “a claim for a commissioner’s fees is barred by the statute of limitations as to any item in the account rendered more than six years before the filing of the petition.” (Patterson v. The United States, 21 C. Cls. R., 322.)
In these patent cases where the suit is to recover a royalty upon an invention it has been held from the first that the suit to be maintained in this court must be a suit upon contract and not a suit for infringement, and consequently that the damages to be recovered must be estimated by answering the question, What was the invention worth in the market at the time when the implied contract arose; what would the inventor probably have taken and the defendant probably *109 have paid if the question had come down to a matter of positive agreement; what would a number of impartial inventors and manufacturers have deemed a reasonable royalty at that time if the matter had been submitted to them for amicable arbitration?
The rule was laid down in the leading case of McKeever (14 C. Cls. R., 396-425; affirmed 18 C. Cls. R., 757) in these words:
“The rule which the court adopts as the measure of these damages is the fair and reasonable value of a license to manufacture and use under the claimant’s patent, being such a royalty as it may reasonably be presumed the defendants would have been willing to pay and the claimant to accept if the matter at the outset had gone to an express agreement.”
And in the Berdan Case (26 C. Cls. R., 48) it was held that—
“The value of an invention taken and used by the Government in the absence of an express contract must be determined as of the time when it was taken and-in view of all the legal and practical uncertainties which then environed it.”
It necessarily follows from this principle of contractual liability that a claim accrues in patent cases at the moment when the implied contract arises. The patent right is not taken bodily — i. e., the Government does not take it entirely and absolutely, to the exclusion of the patentee and all other persons. What it takes is simply an implied license to embody the invention, little or much as it may see fit, in articles of its own manufacture. The implied contract goes no further than the taking; and the right to compensation begins when the invention is embodied in the manufactured article.
In Butler's Case (23 C. Cls. R., 335) the court said: “It is not perceived why a complete cause of action did not exist when the first completed hook was attached to the first completed gun.” The same thing must be said here; it is not perceived why a complete cause of action did not exist when the first carbine holder of the claimant’s device was manufactured in the defendants’ arsenal.
In the subsequent case of Berdan, the court said: “We see no reason >to change the conclusions reached by us on this subject in the case of Butler” (supra). Accordingly the greater part of the demand was rejected. The case went to *110 the Supreme Court (156 U. S. R., 552) on tbe appeals of both parties, but tbe reasonableness of tbe rule laid down by this court with regard to tbe statute of limitations was recognized and acquiesced in by tbe claimant, though a very large amount was involved.
For these reasons tbe court does not feel at liberty to disturb a well-settled rule. All of the carbine holders were manufactured for use more than six years before the bringing of the action. So far as appears from the records of the War Department, 721 holders were manufactured for use. The exact time of manufacture does not appear, but it does appear that the last order to manufacture was issued February 20, 1883, and it must be assumed that the manufacture was completed not long after that date. The action was not brought until June 21, 1895, and the result is that the suit must be deemed barred by the statute of limitations.
The judgment of the court is that the petition be dismissed.