Littleton, Judge,
delivered the opinion of the court:
Plaintiff instituted this suit August 80, 1928, for the recovery of additional compensation of $5,225, with interest, under section 9 of the act of Congress of February 28, 1919, 40 Stat. 1202, making appropriations for the service of the Post Office Department for the fiscal year ending June 30, 1920, and for other purposes, which provided as follows:
“ That no officer or enlisted man of the Army, Navy, or Marine Corps shall be detailed for work on the roads which come within the provisions of this act except by his own consent: And ‘provided further, That the Secretary of Agriculture, through the War Department, shall ascertain the number of days any such soldiers, sailors, and marines have worked on the public roads in the several States (other than roads within the limits of cantonments or military reservations in the several States) during the existing war and also the location where they worked and their names and rank, and report to Congress at the beginning of its next regular session: Provided further, That when any officer or enlisted man in the Army, the Navy, or the Marine Corps shall have been or may be in the future detailed for labor in the building of roads or other highway construction or repair work (other than roads within the limits of cantonments or military reservations in the several States), during the existing war, the pay of such officer or enlisted man shall be equalized to conform to the compensation paid to civilian employees in the same or like employment and the amount found to be due such officers, soldiers, sailors, and marines, less the amount of his pay as such officer, soldier, sailor, or •marine, shall be paid to him from the 1920 appropriation herein allotted to the States wherein such highway construction or repair work was or will be performed.”
The plaintiff was detailed April 8, 1918, by the War Department under orders of the chief of the construction division of the Army, as a major of the Quartermaster Corps acting as constructing quartermaster, to make plans for and to build a certain road from' Alexandria, Yirginia, to Camp Humphreys, Yirginia, the same being a road not within the limits of cantonments or military reservations in that State. He continued upon this detail from April 8, 1918, to March 21, 1919. His compensation as a major of the Army was $3,000 per annum. The amount of compensation paid to civilian employees in the same or like employ *586 ment at or during the time the road was constructed was $8,500 per annum.
For the purpose of building the road in question two companies of enlisted men of the Army were assigned to the plaintiff and were detailed to serve under him as laborers in the construction of the highway. They continued to serve during the entire period of the detail of the plaintiff.
In addition to the enlisted men detailed to work upon the road construction under the immediate command of the plaintiff, the Cranford Paving Company, of Washington, D. C., was employed with its force of about one thousand men to operate at all times under the direct supervision and orders of the plaintiff in aiding and assisting in carrying forward the construction of the road. At all times in this construction work plaintiff was required carefully to account for the cost of materials and in most cases to secure and to provide the same for the paving company, as well as for the enlisted men under his command. In addition to the immediate supervision of the work of the employees, both military and civilian, the payment for material and the pay of employees were intrusted to plaintiff for which he was held wholly responsible as constructing quartermaster. Plaintiff was continuously and actively engaged in the work of constructing this road during the period above mentioned.
During September, 1920, plaintiff submitted his claim for equalization of pay under section 9 of the act of February 28,1919, to the Bureau of Public Boads, United States Department of Agriculture. After consideration thereof by the bureau for a considerable period of time, the matter was referred to the Comptroller General for a ruling as to the interpretation of section 9 of said act of February 28, 1919, who, without furnishing the ruling requested, returned the claim to be forwarded to the General Accounting Officer, Treasury Department, for direct settlement. Accordingly, transmittal was made March 30, 1922, and on April 8, 1923, the Comptroller General of the United States rendered a decision against the claim and, upon review of his decision September 14, 1923, finally disallowed the claim.
*587 Defendant demurs to the petition on the ground that it is barred by the statute of limitations of six years provided in section 156 of the Judicial Code; section 262, TJ. S. C. A., Tit. 28. •
It is the position of the defendant that plaintiff’s cause of action accrued upon the rendition of service and that suit not having been instituted within six years after March 22, 1919, the court is without jurisdiction and petition should be dismissed.
In the opinion of the court the demurrer is well taken.
The cause of action accrued upon the rendition of services and the claim first accrued, within the meaning of this section, when suit might first be brought upon it and from that day the six-year limitation began to run. Atlantic Coast Line R. R. Co. v. United States, 66 C. Cls. 378; Joseph W. Harrison v. United States, 20 C. Cls. 175; John T. Patterson v. United States, 21 C. Cls. 322; Lefine C. Rice v. United States, 21 C. Cls. 413, affirmed 122 U. S. 611; Central Pacific R. R. Co. v. United States, 24 C. Cls. 145; Marie E. Mumford v. United States, 31 C. Cls. 210; Anna Curtis v. United States, 34 C. Cls. 1; Henry Hartman v. United States, 35 C. Cls. 106. The time within which the plaintiff was required to bring suit under section 156 of the Judicial Code was not suspended during the time that his claim for compensation was being considered and passed upon by the Government officials. The presentation of the claim to the Accounting Office of the Treasury Department for settlement, or the consideration thereof by the Comptroller General, did not suspend the running of the statute. Carlisle v. United States, 29 C. Cls. 414; Battelle & Evans v. United States, 7 C. Cls. 297; Paul Ravesies v. United States, 21 C. Cls. 243; Irene Taylor v. United States, 14 C. Cls. 340, affirmed 104 U. S. 216.
The services for which plaintiff claims equalization of pay, as alleged in the petition, were rendered during the period April 8, 1918, to March 21, 1919. His right of action therefore first accrued on March 22, 1919, upon the completion of the services, which date is nine years, five months, and eight days prior to the filing of the petition. The plain *588 tiff’s right was not dependent upon the presentation of the claim to an executive department and such presentation did not suspend the running of the limitation period. United States v. Utz, 80 Fed. 848; Kennedy v. United States, 79 Fed. 893, affirmed 95 Fed. 127. The suit was therefore barred at the time it was instituted. The petition must therefore be dismissed, and it is so ordered.
Williams, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.