Williams, Judge,
delivered the opinion of the court:
The plaintiff’s petition filed herein on April 10, 1930, alleges:
That on May 13, 1921, the Secretary of War made an award to the claimant on claim No. X-OBC-1206, arising nut of War-Ord. No. G-590-307-E, under the Dent Act of March 2, 1919. The award contained the following section:
The Secretary of War hereby awards to said claimant the sum of $138,205.22, which sum in conjunction with the payments hereinabove mentioned, made or to be made for the articles, work, or services heretofore delivered and accepted, together with the awards heretofore made under this agreement, shall be in full adjustment, payment, and discharge of said agreement, except such sum or sums as may be found to be due to the contractor for storage of 110 barrels of picric acid and explosive insurance due to the storage of picric acid in the contractor’s plant.”
The said $138,205.22 was paid to the claimant in due course thereafter. That on or about August 8, 1921, the claimant submitted a claim for such storage so excepted as above from the award in the sum of $8,541.09, but afterwards following an agreement with the officers, agreed to accept $3,284.01 in settlement for such accepted storage and claim was filed by direction of said officers with the Comptroller General December 17, 1921, but on March 6, 1922, was disallowed by the Comptroller General for lack of jurisdiction as same had not been acted on by the Secretary of War and no award had been made under the Dent Act.
That thereafter an award was made by the Secretary of War, and voucher issued on January 7, 1924, in the sum of $2,914.70. The said voucher was delivered to the Comptroller General on January 19, 1924, and thereafter on April 11, 1924, claimant demanded payment of the defendant on the said award in the sum of $2,914.70. On the same day the Comptroller General entered an order refusing and prohibiting payment thereof on the sole ground that he thought the defendant had paid the claimant $50,000 too much in the .award of $138,205.22 of May 13, 1921.
Thereafter, on April 30, 1924, the claimant made a demand for payment of said $2,914.70, and asked the Comp *455 troller General to reconsider the demand, which he did, and on May 29, 1924, he refused payment of said $2,914.10, for the reasons previously stated.
On April 5th and 1th claimant again demanded a rehearing and payment of the award, and the Comptroller General is now considering said demand for a rehearing and payment.
Defendant demurs to the petition on the ground that it is barred by the statute of limitations of six years provided in section 156 of the Judicial Code; section 262 U. S. C. A., title 28.
The legal question presented by the demurrer is, when did the cause of action herein first accrue ?
It is the position of the defendant that the cause of action accrued on January 1,1924, the date on which the Secretary of War made his award of $2,914.10, to the plaintiff, and that more than six years having elapsed before the plaintiff filed its petition herein, the court is without jurisdiction to hear and determine the same.
The plaintiff on the other hand, contends that its cause of action accrued on April 11,1924, the date on which it first demanded payment of the said award, which was also the date on which the Comptroller General entered his order refusing and prohibiting the payment thereof, which date is within the six-year period prior to the filing of the petition.
The award was made to the plaintiff by the Secretary of War under the authority conferred upon him by the act of March 2, 1919, commonly known as the Dent Act. Under the terms of this act the Secretary of War was authorized to adjust, pay, or discharge any agreement, express or implied, upon a fair and equitable basis that had been entered into in good faith during the war prior to November 12, 1918, with any person, firm, or corporation relating to certain contracts made and entered into in connection with the prosecution of the war, where such contracts, although not executed in the manner prescribed by law, had been performed in whole or in part.
Section 2 of the act confers jurisdiction on the Court of Claims, on the petition of any individual, firm, company, or corporation, to find and award just compensation in the *456 cases specified in the act, in the event that such individual, firm, company, or corporation shall not be willing to accept the adjustment, payment, or compensation offered by the Secretary of War, or in case the Secretary has failed or refused to act on such claim.
Had the plaintiff been unwilling to accept the award in this case, its cause of action, to have the fair compensation to which it is entitled in connection with its informal contract determined in this court, would have accrued January 7,1924. This the plaintiff admits, but contends that since it was willing to accept the award made by the Secretary of War, its cause of action on such award did not accrue until it had manifested such willingness and made a demand upon the defendant to pay the same.
The plaintiff brings this suit, not for the purpose of having the court find and award the just compensation it is entitled to receive in connection with its informal contract with the defendant, but to recover the compensation as fixed by the Secretary of War in his award of January J, 1924. Plaintiff’s suit is based entirely on the award which the petition avers “ became a contract of the defendant to pay $2,914.70 to the claimant after acceptance thereof by the claimant and on demand therefor by claimant.”
Neither a formal acceptance of the award by the plaintiff nor a demand upon the defendant for the payment of the same is required by law to make the award effective; neither is, therefore, a condition precedent to the right of the plaintiff to institute a suit thereon.
The plaintiff’s cause of action on the award accrued on the date when a suit might first have been brought upon it, which was January 7,1924. The statute of limitations commenced to run from that date, and six years two months and three days having elapsed before the filing of the petition on April 30, 1930, the plaintiff’s suit was barred at the time it was instituted. Atlantic Coast Line R. R. Co. v. United States, 66 C. Cls. 378; Joseph W. Harrison v. United States, 20 C. Cls. 175; John T. Patterson v. United States, 21 C. Cls. 322; Lepine C. Rice v. United States, 122 U. S. 611; Henry Hartman v. United States, 35 C. Cls. 106.
*457 The presentation of the claim to the Comptroller General by the War Department subsequent to the rendition of the award by the Secretary of War, and the consideration of the same by that official, did not suspend the running of the statute of limitations. Carlisle v. United States, 29 C. Cls. 414; BatteTle <& Evans v. United States, 7 C. Cls. 297; Paul Bavesies v. United States, 21 C. Cls. 243.
The' demurrer is sustained and the petition is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Geeen, Judge; and Booth, 'Chief Justice, concur.