Bichakdson, J.,
delivered the opinion of the court:
• These two cases, submitted together, are substantially alike in all the material facts, except as to the amounts of money demanded.. In each an Indian agent purchased supplies for his agency in open market, at agreed prices, and they were delivered by the claimant and accepted by the agent. In each the exigency of the case did not admit of the delay incident to purchase after advertisement, proposals, and written contract. In the former, the purchases were made by express authority of ■the Interior Department previously obtained. In the latter the approval of the purchases was subsequently given by the Commissioner of Indian Affairs and the Secretary of the Interior. In each, vouchers for the quantity, price, and amount due were made out by the-Indian agent, certified by him, and approved and allowed by the Commissioner and the Secretary of the Interior. In each the accounting officers reduced the amount of the claim by a reduction in the price agreed upon.
The claimant Longwill has been paid $7,185.20 on his vouchers, amounting to $9,996.80, leaving a balance unpaid of $2,311.60.
The claimant Johnson has been paid $3,085.86 on his vouchers, amounting to $4,584.69, leaving a balance unpaid of $1,498.83.
No defense is set up. The Assistant Attorney-General, at the time of the submission of the cases, stated • that the ac- * counting officers of the Treasury reduced the amount of each claim because the prices were larger than those paid for like supplies purchased by contract with other parties, made after *291 advertisements and proposals; and it was thought by them that there might be some fraud or wrong-doing involved in the matter. He further stated that the officers of the Attorney-General’s Office, with all the research they could make, had not been able to discover any fraud or wrong, or to find that the prices agreed upon by the agents, and approved by the Commissioner of Indian Affairs and the Secretary of the Interior, were not reasonable at the time and under the circumstances.
That the decisions of the accounting officers of the Treasury, as such, in the settlement of accounts for or against claims, have no effect upon the legal rights of the parties, except among the executive officers in the matter of accounting^ and that the only practical effect of such decisions is to authorize the issue of warrants upon which the claimants may obtain payment at the Treasury' when decisions are in their favor, and to prevent the issue of such warrants when decisions are against them, are no longer open questions, since the recent decisions of this court and. the Supreme Court, if, indeed, they ever were seriously in doubt. (McKnight et al. v. United States, 13 C. Cls. R., 292, affirmed on appeal, 98 U. S. R., 179; Real Estate Savings Bank, &c., v. United States, 16 C. Cls. R., 350, affirmed on appeal. Barnett et al. v. United States, 16 C. Cls. R., 521, affirmed on appeal; Rev. Stat., §§ 246, 247.)
The accounting officers of the Treasury are in duty bound to scrutinize claims and accounts with great care, as is their custom; and it is the undoubted right and duty of the Comptrollers (including the Sixth Auditor and the Commissioner of Customs, who are comptrollers in fact though not in name), who alone of the accounting officers have authority to decide thereon, to reject, in whole or in part, as their judgment dictates, all those claims which they have reasonable cause to suspect to be tainted with fraud, or to which they believe there may be substantial defenses in law, or as to the validity of which they are in doubt.
Upon such rejection by the Comptrollers, the claimants are left to their remedy by action at law against the United States in this court, if within its jurisdiction, where the government is defended by the Attorney-General and his able, painstaking, and industrious assistants, and whatever defenses can be found will not escape the vigilance of those officers. (Davis v. United States, 10 C. Cls. R., 285.) In other cases, not within the juris *292 diction of this court, claimants’ only relief is to be sought by petition to Congress for redress of grievances, under the right to do so guaranteed by the Constitution.
In the present case the decision of the court is that the claimant Longwill recover the sum of $2,811.60, and that the claimant Johnson recover the sum of $1,498.83, and separate judgments will be entered in their favor accordingly.