## UNITED STATES *v.* PRICE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

Submitted November 23, 1885.—Decided December 14, 1885.

When an act of Congress directs the Secretary of the Treasury to pay a specified sum to a person named, for a specific purpose, no discretion is vested in the Secretary, or in any court, to inquire whether the person named is entitled to receive that sum for that object. *United States* v. *Jordan*, 113 U. S. 418, affirmed.

The facts which make the case are stated in the opinion of the court.

*Mr. J. Z. George* for plaintiff in error.

*Mr. Attorney-General* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a suit brought to recover back a sum of money collected by Bem Price from the United States on a claim "for property and supplies taken . . . for the use of the armies of the United States during the war of the rebellion," allowed by the Commissioners of Claims under the act of March 3, 1871, 16 Stat. 524, ch. 116, § 2, on the ground that "said sum of money was paid to defendant under act of Congress, approved March 3, 1875, as heir and legatee of his deceased father's estate, and in mistake that the said sum was due him as only heir and legatee of decedent, when in truth and in fact the property and supplies so taken . . . belonged jointly to defendant and his two brothers;" and "when in truth and in fact the defendant and his said brothers were disloyal to the government during the war of the rebellion, and not entitled under the law to recover said sum of money, or any part thereof." The act of March 3, 1875, 18 Stat. 637, 646, Private Laws, ch. 205, is as follows:

"*Be it enacted, &c.,* That the Secretary of the Treasury be,

and he is hereby, authorized and required to pay, out of any moneys in the Treasury not otherwise appropriated, to the several persons in this act named, the several sums mentioned therein, the same being in full for, and the receipt of the same to be taken and accepted in each case as a full and final discharge of, the several claims presented by such persons to the commissioners of claims under the act of March third, eighteen hundred and seventy-one, and reported to the House of Representatives under the said act, that is to say: . . . Bem Price, six thousand three hundred and six dollars . . ."

The District Court gave judgment for the defendant. To reverse that judgment this writ of error was brought.

We are unable to distinguish this case in principle from that of *United States* v. *Jordan*, 113 U. S. 418, in which it was held that, when an act of Congress directed the Secretary of the Treasury to pay to a certain person a specific sum of money, the amount of taxes assessed upon and collected from him contrary to the provisions of certain treasury regulations, "no discretion was vested in the Secretary, or in any court, to determine whether the sum specified was or was not the amount of tax assessed contrary to the provisions of such regulations," and that consequently the payment must be made, whether the amount stated by Congress was the true amount collected or not. The Court of Claims had held that the language of the act, "taken together, was too clear to admit of doubt that Congress undertook, as it had the right to do, to determine not only what particular citizens of Tennessee, by name, should have relief, but also the exact amount which should be paid to each of them." In this we fully concurred.

The act now under consideration "required" the Secretary of the Treasury to pay Price the money he got. It was when the payment was made, and is now, the law of the land that he was entitled to that sum from the United States on account of his claim. The Secretary of the Treasury could not refuse to pay it, and no authority has been given any one to sue to recover it back. It may be that Congress required the payment to be made under a mistake, or that the claim was not a just one, but until Congress abrogates the law or directs suit

to be brought to recover back the money, the conclusive presumption is, that there was no mistake, and that Price is under no obligation to pay back what he has received.

*Judgment affirmed.*