Nott, J.,
delivered the opinion of the court:
The petition in this case contains four avermentsj which, taken together, present the claimant’s cause of action.
1. That on March 17, 1874, the Government adopted a patented device, being a hook attachment for stacking fire-arms, *338 since which time 309,000 have been manufactured for use, and a large number used “ with the consent of the patentees and their assignees.”
2. That on “the 23 June, 1877, all right, title, and interest in and to the letters patent, and the invention covered thereby, were assigned to and vested in the complainant.”
3. “ That said patentees and assignees offered the use of said improvement to the United States, which offer theUnited States, after careful investigation, accepted, and adopted said improvements, and have since manufactured and used said improvements extensively, whereby the United States promised to pay to the owners of said letters patent a reasonable sum for the right to manufacture and use said improvements, and your complainant says that the right to manufacture and use said hook attachment is worth 15 cents for each hook attachment so manufactured and used.
4. “ That the United States are, by said contract, bound to pay a reasonable sum to said Paul Butler for said improvements manufactured by them and used since the 23d day of June, 1877, and for all said improvements which they have used since said 23d day of June, 1877, irrespective of the time when the same were manufactured.”
The patented device consists of a simple hook, attached to a musket, rifle, carbine, or other small-arm at the upper band. Its real value lies in its form and position, being so shaped and so placed that it makes no unsightly excrescence on the gun, and does not interfere with the sight.
On the hearing, it was argued by the counsel for the claimants that the claims of the inventors for royalty, which accrued before the assignments of the patent, passed to the present claimant by virtue of the assignments, and that an action thereon may be maintained against the United States therefor,, notwithstanding the Act 1853 (Rev. Stat., § 3477). But inasmuch a.s the petition neither sets up the assigned claims as. a cause of action, nor avers damages suffered thereby, nor seeks to recover upon them, the court declines to pass upon the validity of the assignments.
The only issue of fact in dispute relates to the value of the device, or the amount of the royalty; and the only question of law involved in the case is as to the running of the statute of limitations.
*339 Concerning the rule for the measure of damages it is sufficient to say that the court proceeds under the same rule and by the same means as in McKeever’s Case (14 C. Cls. R., 390*) and finds thfe reasonable royalty for the right to manufacture and use the patented devices of Ira Merrill and Henry Metcalfe to be 8 cents per hook.
Concerning the statute of limitations, it seems to the court manifest that this action is brought upon a contract, though an implied one, to recover a royalty of 15 cents for each hook attachment manufactured and used by the United States. There is no allegation in the petition looking to an exclusive appropriation of the patent by the Government, such as would preclude the claimant from selling rights to other persons. On the contrary, the petition expressly alleges that the user of the invention was “with the consent of the patentees and assignees,” and that by implication “ the United States promised to pay to the owners of the letters patent a reasonable-sum for the right to manufacture and use.” It is not perceived why a complete cause of action did not exist when the first completed hook was attached to the first completed gun. Neither is it perceived why the claimant’s right of action was not as complete on the 12th April, 1883, as on the 12th April, 1886; i. e., why he might not have brought his action as well within six years after he acquired a right to the royalty as within nine. There was no express contract postponing the payment of the royalty or making it contingent upon a demand or other event; and there was neither agreement nor usage-, whereby a number of items may be merged in an account stated,, and thus become in legal effect a single cause of action. Mrsi Nutffs Oase (ante).
in this case arises exclusively from its own acts; and the contract which exists, if any, is strictly that which the law implies. There was no express agreement looking to a continuous use of the patent right,, and the nature of the thing taken was not of a character to import such an intent, or to impose such an obligation.
were to take a vessel from the claimant’s wharf or a wagon from his shed, the retention of the vessel or of the wagon would deprive him of his property and import a *340 continuous use and intent to use. Tlie obligation to return the property and compensate for the use would be continuous until it was returned. But if the Government had taken coal from the claimant’s field or corn from his crib, the obligation to pay would be complete on the instant of taking, and it is well settled that a suitor can not recover for property taken or service rendered more than six years before the bringing of his suit. (Patterson’s Case, 21 O. Gis. R., 322.)
To state briefly the situation of the case and the view of the court:
If the action is brought to recover for the taking of the invention as though it were corporeal property susceptible of being taken • absolutely from the possession of the one party and into the possession of the other, then the claim first accrued when the invention was first taken, and the whole of the demand comes within the statute of limitations.
If the action is brought to recover for the present existing user of the patented articles; that is to say, is founded on the user existing at the time of bringing the suit, then there is no evidence to show the number of the patented articles in use at that time, nor the value of the diminished user; for it is manifest that the value of the user has some relation to its period, and that an inventor can not allow his patented articles to remain twelve years m use and then, under the guise of suing for an existing user, recover damages for the entire use, past, present, and prospective.
If the action is brought, as the court understands it to be, to recover a royalty for the use of each patented article, then the recovery must be limited to articles which entered into the defendants’ use within six years from the time of the bringing of the action; and by the term umanufactured and used,” is to be understood the completion of the combination, by attaching the hook to a completed fire-arm, so that when the attachment was made the fire-arm and patented device were ready for sale or military service.
The judgment of the court is that the claimant recover of the defendants the sum of $14,543.36.

 Affirmed, without opinion, by the Supreme Court, October term, 1882.