Weldon, J.,
delivered the opinion of the court:
The claim for which this suit was brought consists of the following items: For services rendered the War Department, the sum of $411,139.35; for services rendered Post-Office Department, $392,290.03; for services rendered other Departments, $664.93; aggregating the sum of $804,094,31; and for money improperly withheld, under the provisions of the act of May, 1878, the sum of $321,157.72.
The main contention is, as to the statute of limitation to portion of the claim originating in the assessment of the officers of the Treasury Department, to meet the requirements of the act of May, 1878, commonly known as the “Thurman Act.” The defense on that point, is presented by the following motion, which, by consent, is regarded as a plea of the statute of limitations :
“ Now comes the Attorney-General and moves the court to dismiss, for want of jurisdiction, the items of the claim hereinafter mentioned, because they accrued more than six years before the petition was filed in this court, namely, the items for new construction and new equipment in operating expenses of said railroad as follows:
Six months ending December 31,1878 . $34,587.55
For the year ending December 31, 1879 . 35,836.16
For the year ending December 31, 1880. 52, 304.17
For the part ol the year ending November 1,'1881. 22, 972.32
Total. 145,700.20
The defense contests the sum of $145,700.20 of the $331,152.71, as set forth in the eighth finding.
The claimant’s right to the $321,152.71 was recognized by this court, as it is alleged, in the case of the Union Pacific Railroad Company v. The United States (20 C. Cls. R., 70).
The counsel for the claimant say :
“ The identical question arose in the case of the Union Pacific Railroad Company v. The United States (20 C. Cls. R., 70), where the court found that, although the items of expenditure for new construction and new equipment were kept separate from the statement of operating expenses, they were necessary expenses for operating the road and keeping the same in repair, and that therefore they were within the definition of the Thur *150 man Act, and should be properly classed, with operating expenses and deducted from gross earnings before the amount of net earnings could be reached. Having paid the sum mentioned in good faith, the claimant should have the benefit of such excessive payment under the principles laid down by the court.”
The.court in the above case said :
“ Therefore our judgment is that the company is entitled, in ascertaining the net earnings between July 1,1878, and December 31,1882, to deduct from the gross earnings of that period the sum of $2,763,670.64 on account of the items set out in Schedule D, and actually paid by it out of the earnings for equipment and improvements, and in the computation of the net earnings the court has included all those items in necessary expenses of operating and keeping the road in repair.”
The case was taken to the Supreme Court, but no point was made on the question of the allowance of this court as to deductions proper to be made by the company in the ascertainment of its net earnings. The present claim is founded on the re-adjustment of the account. The eighth finding shows that from time to time during the period between July 1,1878, and December, 1885, there have been withheld by the United States certain sums of money to meet the requirements of the act of May 3,1878; and that the Secretary of the Treasury, in determining the 25 per cent., did not deduct certain items of expenditure lor new construction and new equipment from the company’s gross earnings.
The items of the claim and dates are set forth in Exhibit A, forming part of the eighth finding, and are as follows.

The sum shown by Exhibit A is the account between the parties, on the basis of deduction, as recognized by the Court *151 of Claims, the officers of the Department conforming their deductions to the opinion of the court. The statement of the account was made in the year 1886, and the suit was brought on the 31st day of October, 1887. Before the decision of this court, as reported in the twentieth volume, the parties had mueh difficulty in settling their rights under the law requiring the payment of 25 per cent, of the net earnings; but since that decision the trouble has been avoided, and the rule as to the mode of ascertaining the net earnings prescribed by that decision has been followed by the officers of the Treasury Department. The result of the application of that rule shows that after the 1st day of July, 1878, and to the bringing of this suit, the sum of $321,157.72 has been illegally added to the net earnings of the road, in the mode prescribed by said law, and carried to the credit of the company.
The result of the issue, on the question of limitation, does not involve the absolute loss or gain of either party of the amount in dispute; but simply a result as to the time of payment on the indebtedness of the company. The claimant, in avoidance of the plea of the statute, insists, inasmuch as the accounting is within the period of limitation, the statute does not apply as a bar, and that the demand against the Government is in the nature of a continuing account, which is not affected by the statute unless the last item is beyond the period of limitation.
The case of Butler v. The United States, tried at the last term, and reported in 23 C. Cls. R., 335, was a suit to recover for the use of a patent extending through a series of years before the commencement of the action; and the court held in that case that the statute of limitations applied as-to that portion of the claim beyond the period of six years. The court sáid:
“ It is not perceived why a complete cause of action did not exist when the first completed hook was attached to the first completed gun. Neither is it perceived why the claimant’s right of action was not as complete on the 12th of April, 1883, as on the 12th of April, 1886, i. e., why he might not have brought his action as well within six years after he acquired the royalty as within nine.”
The right of the corporation to maintain a suit for the amount improperly omitted from deductions in the net earnings of the road accrued at the time the omission occurred, and if a suit had been brought on the first accounting, the presump *152 tion is that the same construction would have been given to the statute as was given at the time the litigation ended between the parties.
Courts do not originate rights; they simply declare their existence as found in the law. Whatever rights subsist between the Central Pacific Railroad Company and the United States in relation to the matter in controversy depends upon the statute providing for the payment of a certain portion of the net earnings of the road of the claimant.
It is a general rule that the statute of limitations begins to run from the time when the right of action accrued. (Oalin v. Green, Caf. 3 N., 270; Hall v. Vandegrift, 3 Benin, 374; Withers v. Richardson, 5 T. B. Morir, 94.) The claim for $321,152.71 is composed of seven items, as shown by Exhibit A, which, being consolidated, made the cause of action declared on by the petition in this proceeding. Three of those items were distinct in their character as legal demands more than six years before the suit was commenced. The claim as now stated is a consolidated cause of action, composed of distinct demands, maturing in their legal efficiency as soon as the defendant wrongfully refused the credits which they represent against the net earnings of the road. As the law abhors a multiplicity of actions, parties are permitted to consolidate; but the consolidation will not be allowed to embrace causes of actions so as to prevent the operation of the statute of limitations.
At common law, courts of general jurisdiction will not recognize the statute of limitations unless specially pleaded and brought to the notice of the court. As a result of this peculiarity of pleading much prejudice has been engendered against the statute, but the Supreme Court of the United States said “that the statute of limitations is entitled to the same respect as other statutes and ought not to be explained away.” (Clementson v. Williams, 8 Cranch, 72; Bell v. Morrison, 1 Pet., 351; McCluny v. Silliman, 3 id., 270; 13 Wall., 254.)
The ninth finding states “ the amounts paid by the claimants in cash to the United States to meet the requirement of the Thurman Act from July 1,1878, to December 31,1881, were paid under protest and reserving all rights of the claimants.” Without this distinct finding, showing a knowledge upon the part of the claimant of its legal rights, the law assumes that parties are aware of what they are entitled to, and are not presumed without evidence to waive those rights.
*153 But it is contended that the statement of indebtedness by the Commissioner of Eailroads and the accounting officers has the legal force of an “ account stated,” and that statement, having been made within the period of limitation, the right to maintain the suit is perfect.
As to an account stated, it is said by one of the most distinguished writers on the common law:
“ But it must appear that at the time of the accounting certain sums existed of and concerning which an account was stated; that a balance was then struck and agreed upon; and that the defendant expressly admitted that a certain sum was then due from him as a debt. (2 Chitty on Contracts, 692.)
“ ‘An account stated’ grows out of commercial transactions, being the rendition of a running account by one party to the other, and his acceptance, or acquiescence in its accuracy and amount. It is, in legal effect, the liquidation of fractional items into a single amount by the agreement of parties, express or implied.” (Nutt, Ex., v. United States, 23 C. Cls. R., 71.)
If this were a suit between individuals, in a court where private rights are the subject of investigation, and the defendant had stated the balance as was found by the officer of the Government, the accounting might come within the definition of an “ account stated.” But does that law apply to the rights of the parties in this proceeding? Will a claim otherwise barred in the jurisdiction of this court be relieved from that bar by the act of the accounting officers of the Treasury Department in making a statement of the account within the period of limitation ?
“Acknowledgments and promises made by the executive officers.of the Government do not bind the United States where they are not made under express or implied authority of acts of Congress. Such acknowledgments and promises do not prevent the operation of the statute of limitations applicable to cases in this court.” (Leonard v. United States, 18 C. Cls. R., 382.)
The statute and the exceptions are as follows:
“ Sec. 1069. Every claim against the United States cognizable by the Court of Claims shall be forever barred unless the petition setting forth a statement thereof is filed in the court or transmitted to if by the Secretary of the Senate or the Clerk of the House of Eepresentatives, as provided by law, within six years after the claim first accrues.
“ Provided, That’the claims of married women first accrued during marriage, or persons under the age of twenty-one years first accrued during minority, and of idiots, lunatics, insane *154 persons, and persons beyond the seas at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court or transmitted, as aforesaid, within three years after the disability has ceased; but no other disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.”
In the case of Chorpenning v. The United States (3 C. Cls. E., 145) this court said:
“It is a matter of daily practice in this court that an ordinary decision of an accounting officer in the adjustment of accounts does not bind the claimant in this action. It was also a matter of early decision that when Congress by special enactment directed an accounting officer to restate an account, his statement did not bind the defendant, but on the other hand it was also early held that where Congress by special enactment ‘directed’ an auditor to ‘ascertain the damage and losses’ sustained by a contractor in the particulars mentioned in the report of the Committee on Claims, the award, being duly accepted, was conclusive and binding upon the claimant.” (See also Nutt v. United, States, 125 U. S., 650; Longwill v. United States, 17 C. Cls. R., 291.)”
The finding by the accounting officer has none of the qualities of an award, because he was not chosen by the act of the parties as an arbitrator, and therefore neither party is bound by the result of his investigation.
The statement of the officer in the Treasury Department was not a statement by the defendant as required by the law applicable to an account stated. He is not the defendant in this case, and is not by law clothed with authority to so affect the interest and right of the United States as to remove the,statute of limitations.
The law of our jurisdiction provides that the suit must be brought “ within six years after the claim first accrues.” The claim in this proceeding is for the various omissions to deduct from the earnings of the company, whereby the net earnings were enlarged beyond the legal requirements of the statute; and that claim, in its distinct parts, first accrued within the meaning of the statute when, by action of the officers of the defendants, the claimant was deprived of its rights of deduction.
While we regard the claim of $321,157.72 as being a just allowance to the claimant because of the excessive assessment under the act of May, 1878, we must hold that so much of it as originated and became consummate more than six years be *155 fore the 31st day of October, 1887, is barred from the jurisdiction of this court.
This suit having been commenced on the 31st of October, 1887, and the deduction for the year 1881 not having been made until December 31,1881, the limitation of six years would not bar what was deducted from the claimant for that year.
The sum of $804,094.31 is for services rendered the Government, and as the findings show that such services were rendered that amount is due the company.
Under this view of law the claimant is entitled to recover as follows:
On overassessment ,,. $198,422.83
For services rendered the War Department... 411,139.35
For services rendered Post-Office Department... 392,290.03
Other Departments...-. 664.93
Making íd all the sum of.... 1,002,517.14
And for that amount judgment is rendered.