Peelle, J.,
delivered the opinion of the court:
The claimant, assignee of one Samuel Strong, seeks to recover on an implied contract, royalties for the use of a certain cast iron street letter box, purchased and used by the Post-Office Department, for which the claimant as such assignee claims to hold a patent in the right of Strong, patentee.
The facts show that Letters Patent Nos. 88525 and 94449, which had theretofore been issued to Strong, were assigned to Walker, September 27, 1869, who still appears to own the same.
The patent granted to Strong, covered by Letters Patent No. 253236, dated February 7,1882, for which application was made April 1, 1881, appear to be owned by him, so that the only invention or letters patent in which the claimant appears to have any interest in letter boxes is covered by Letters Patent No. 462224, for what is known as the “round-top” box, which claimant holds by virtue of an assignment from Strong, the alleged inventor, under date of January 26,1881, which letters patent were not issued to claimant until October 27, 1891. The claimant can therefore only recover, if at all, for the use of the box covered by the letters patent so issued to him; and as to this box, it appears that Strong, under his con *49 tract of February 18, 1870, for four years, in part tberefor, w'as to model and manufacture boxes “with, sucb alterations and improvements therein as the Postmaster-General may suggest,” until boxes giving entire satisfaction to the Postmaster-General should be made. It appears that under that contract Strong did model and manufacture boxes, “ with such alterations and improvements therein” as were suggested by the Postmaster-General, until a box identical with the one covered by Letters Patent No. 462224, so held by claimant, had been made; and the boxes so modeled and manufactured by him, and none other, were furnished to and for the use of the Post-Office Department under and during the existence of his said contract, for which he was paid $5.50 for each of the small size and $7.50 for each of the large size boxes, as provided in said contract. This contract in terms superseded and annulled the former contract with Strong to furnish letter boxes, as such boxes had been condemned by a convention of postmasters.
After the expiration of Strong’s contract the Postmaster-General contracted with other persons to furnish the same identical kind of boxes theretofore modeled and furnished by Strong, but it does not appear that any of said boxes were purchased and used by the Department subsequent to the date of issuing said letters patent to the claimant.
A tew days before the expiration of this contract, to wit, February 11,1874, Strong filed a caveat, and thereafter, March 9, 1874, his application in the Patent Office, claiming to be the inventor of the letter box which he had modeled, manufactured, and furnished under his contract, but the attention of the Postmaster-General being called to the matter, he addressed a letter to the Commissioner of Patents (put in evidence by the claimant), as follows:
“ POST-OEEICE DEPARTMENT,
“ Washington, D. 0., July 29,1874.
“ Sir. : Mr. Samuel Strong, of this city, has informed this Department that he has taken out two caveats to protect his alleged rights to a certain street letter box now in use in the several letter-carrier cities by authority of this Department.
“Lest the said Strong should apply for a patent for said box, I desire to submit for juiur consideration the following statement, with the request that it be placed on the files of your office.
*50 “ Tlie box in question bas now been in use for four years, and was furnished by the said Strong under a contract with this Department dated February 18,1870, running four years from that date. The box in use in the several letter-carrier cities prior to 1870 was also furnished by said Strong, and was condemned by a convention of postmasters and special agents convened in this city in January, 1870, by invitation of the Hon. John A. J. Oreswell, then Postmaster-General, for consultation in regard to the general good of the postal service.
“Said convention, among other things, states ‘That we condemn the street letter box now furnished the Department under the contract known as the “ Strong patent,” and we would respectfully recommend the adoption of a .street letter box about 1£ feet in length, about 6 inches in depth, and 12 inches in width, with an opening at the top sufficiently large to receive newspapers and magazines; the openings or receptacles specially protected from the weather, with a curved top to carry off the water, and a door in the side or front with side flanges to take the matter from, and that the hours for collection be distinctly shown upon the outside of the box. Upon the request of the postmaster at any office the aforesaid described box should be furnished with an aperture for the receival of letters only.’
“The box above recommended by said convention was reduced to shape and form by said Strong substantially as described above, and-can in no just sense be considered as the invention of said Strong, he having simply carried out the views of the convention in this respect.
“I have, therefore, to request that a patent be not granted to the said Strong for the letter-box now in use and above substantially described.
“Very respectfully,
“J. W. Marshall,
“ Postmaster- General.
“Hon. M. D. Legg-ett,
“ Commissioner of Patents.”
It is averred in the petition, among other things, in substance, that a Board of Postmasters (Postal Convention), convened by order of the Postmaster-General, had recommended for adoption to the Postmaster-General, January 15,1870, the boxes filed with said board and known as the Strong boxes or inventions, and that it was the intention and understanding of the Postmaster-General and the inventor that the invention so selected and adopted should be used by the defendants and reasonable and just compensation made therefor.
•To entitle the claimant to recover he must show some privity *51 between tbe defendants, through, the Postmaster-General who was authorized to contract in respect thereto, and the claimant or his assignor, from which the court can conclude as matter of law that an implied contract exists. And in this connection we remark.that the averments in the petition stated, looking to that end, are not supported by the facts found. . On the contrary it appears that the only knowledge the Postmaster-General had as to Strong’s claim on the box used is disclosed in his letter to the Commissioner of Patents, set out above, and it was because of the knowledge he then had of Strong’s claim, by the caveats, that he objected to the granting of a patent to him, giving as his reason that Strong was not the inventor of the box, but that the same was the creation of the Post-Office Department, brought about by reason of the recommendation of the postal convention recited in said letter-; that Strong had reduced the box to shape and form as recommended, carrying out the suggestions of the Postmaster-General as provided in his contract; and that the box so shaped and formed had then been in use in the Department for four years. The facts show that the box used was under claim of ownership by the Department, there being no acknowledgment by the Postmaster-General, even tacitly, that Strong was the inventor, but on the contrary his claim of ownership was denied. The use of such box, thereafter, by the Department, would not imply a contract to pay therefor, and without a contract, under existing authorities, there can be no recovery. Shillinger’s Case (24 C. Cls. R., 278).
Having reached this conclusion on the main question, we will not pass upon the validity of the patent, nor the right of an inventor to recover for the use of his invention during the intermediate period between the application for and the granting of a patent.
Our reason for finding the number of boxes purchased and used since October 27, 1878, instead of February 18,1874, as claimed, is that the statute of limitations applies to all boxes purchased and used more than six years prior to the filing of the original petition herein, as held in Butler’s Case (23 C. Cls. R., 335).
For the reasons given the petition is dismissed.