Richardson, Ch. J.,
delivered the opinion of the court:
That part of the claim for the three months’ extra pay-granted'to the claimant on account of her husband’s honorable service in the Mexican war is small and exceptional!/ meritorious, but we are constrained to decide against it on the strict rules of law.
It is also identical in principle with that of Semple (24 C. Cls. R., 422), in which judgment was given for the claimant* and the defendants acquiesced and took no appeal.
The claimant is the widow of an officer engaged in the military service of the United States in the war with Mexico as captain in the First Regiment of Infantry, who served the time of his engagement, was honorably discharged, and died October, 1872.
*214 Tbe claim for said extra pay is founded on the following acts of Congress:
“ Sec. 5. And be it further enacted, That the officers, non-commissioned officers, musicians, and privates engaged in the military service of the United States in the war with Mexico, and who served out the term of their engagement, or have been or may be honorably discharged—
“ And first to the widows,
“ Second to the children,
“ Third to the parents, and
“ Fourth to the brothers and sisters
“Of such who have been killed in battle, or who died in service, or who, having been honorably discharged, have since died, or may hereafter die, without receiving the three months’ pay herein provided for
“Shall be entitled to receive three months’ extra pay:
“Provided, That this provision of this fifth section shall only apply to those who have been in actual service during the war.
“Act of July 19, 1848, sec. 5, ch. 104 (9 Stat. L., 248).
“Be it enacted, die., That the Secretary of the Treasury be,' and he is hereby, directed, out of any moneys in the Treasury not otherwise appropriated, to pay to the officers and soldiers engaged in the military service of the United States in the war with Mexico, and who served out the time of their engagement or were honorably discharged,’ the three months’ extra pay provided for by the act of July nineteenth, eighteen hundred and forty-eight, and the limitations contained in said act, in all cases, upon the presentation of satisfactory evidence that said extra compensation has not been previously received:
“Provided, That the provisions of this act shall include also the officers, petty officers, seamen, and marines of the United States Navy, the Revenue-Marine Service, and the officers and soldiers of the United States Army employed in the prosecution of said war.
“Act of February 19, 1879, ch. 90 (20 Stat. L., 316).”
On the art of the defendants, it is contended that the court is without jurisdiction of the claim for extra compensation, because the Act of March 3,1887, chapter 259 (1 Supp.to Rev. Stat., 2d ed., p. 559, and 24 Stat. L., 505), commonly called the Tucker Act, limits the jurisdiction of the court to claims “in respect to which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable.” As this three months’ extra pay is a gratuity, it is argued that the grant is without consideration and that the United States is not liable *215 for it, on tbe principle of tbe common law that a naked promise, without consideration, to pay money is not sufficient to create a cause of action.
In our opinion this common-law principle has no application to grants of money by statute. The disposition of public money is in the discretion of Congress, and its reasons for passing an act and the consideration thereof can not be inquired into nor its will thwarted by any executive officers or by the courts. (Jordan’s Case, 19 C. Cls. R., 108, affirmed on appeal 113 U. S., 418; Price’s Case, 116 U. S., 43, reaffirming the Jordan decision.)
In addition to the several defenses on the merits in the Semple Case, which was decided against them, the defendants here set up the statute of limitation not involved therein. The court is of opinion that this point is well taken and that the claimant is not entitled to recover for the sole reason that she did not seasonably bring her action.
Upon the passage of the act of February 19, 1879, her claim accrued and she might have brought her action at any time within six years thereafter. The.j>etition was filed August 6, 1894, when her claim was barred by the statute of limitation. (Rev. Stat., sec. 1069.)
On the part of the claimant it is argued that the statute did not begin to run until she had demanded payment at the Treasury Department, had presented her evidence, and the Department had acted thereon. The findings show that the action of the Department took place October 19, 1888, when her claim was allowed for the three months’ extra pay by statute as well as for one month’s pay for the services of her husband while he lived, and the same were both set off against a claim found due from her husband to the defendants. There is no doubt that the amount granted to the widow by statute as a gratuity could not be set off against an indebtedness of her husband, and that the accounting officers were mistaken in so stating the account.
It is urged that the words, “That the Secretary of the Treasury be, and is hereby, directed, * * # to pay * * * upon the presentation of satisfactory evidence that said extra compensation has not been previously received,” created a condition precedent to her right of action which did not accrue until she had presented such evidence. In this we can not *216 con cur. Whether or not she had previously received this extra compensation must be a matter of record in the Department within the exclusive control of the Secretary of the Treasury. What other evidence of nonpayment could the claimant have furnished to prove a negative? In point of fact she never did present any. Had she brought an action at once upon the passage of the statute, as she might have done, the reply to a call on the Secretary of the Treasury for information under Eevised Statutes, section 1076, would have disclosed the fact that no payment had previously been made, and no evidence on her part would have been necessary. In this respect the case essentially differs from those in which the court has decided, in special cases, that money was held in trust for claimants until they demanded payment. (Taylor’s Case, 14 C. Cls. R., 340, affirmed 104 U. S., 221; Wayne’s Case, 26 C. Cls. R., 274; Harris’s Case, 27 id., 180.)
If the account stated by the accounting officers of the Treasury were an award, as urged by the claimant, her claim in both its parts first accrued at that date and her petition was duly filed in time, but it has been repeatedly held that the accounts stated by those officers do not constitute awards, nor are they even prima facie evidence. We see nothing in the facts and law of the present case to distinguish it from those wherein it has been so held. (McKnight’s Case, 13 C. Cls. R., 292, affirmed on appeal 98 U. S., 179; Longivill’s Case, 17 C. Cls. R., 288; Jones’s Case, 18 Howard, 92, cited in Waters’s Case, 21 C. Cls. R., 38; Mississippi Central Railroad Case, 23 C. Cls. R., 27; Pennebaker’s Case, 21 id., 41.)
That part of the claim for the services of her husband during his life accrued to him and on his death became part of his personal estate, to be collected by his executor or administrator or set off against his own indebtedness, as was rightly done by the accounting officers.
Besides, the claimant does not sue as executrix or adminis-tratrix, but in her own right, and therefore if for no other reason she could not recover.