## ESTHER S. BUCHANAN ET AL. *vs.* LAURA PATTER-SON ET AL.

*Appeal by Plaintiff and Defendant Jointly in an Equity Cause—Party Appearing in Different Capacities in Suit—French Spoliation Claim.*

A fund was brought into a Court of equity for distribution under a bill filed by the plaintiff in her individual capacity and also as administratrix of two parties entitled to shares of the fund. The defendants were other persons entitled to parts of the fund or claiming to be entitled. From the final decree adjudicating the rights of the claimants and making distribution an appeal was taken jointly by the plaintiff in her individual capacity and as administratrix of one party and by one of the defendants, leaving plaintiff as administratrix of another party to appear as an appellee. Upon motion to dismiss the appeal. *Held,*

1st. That under Code, Art. 5, sec. 24, which provides that an appeal shall be allowed from any final decree by any one or more of the parties to the suit with or without the joinder of plaintiffs or co-defendants, the appeal was properly taken by the plaintiff and one of the defendants.

2nd. That since the plaintiff appeared in her individual right and also as administratrix of two different parties, she is entitled to appeal in one or more of these capacities without uniting them all in the appeal.

The decision in *Patterson* v. *Buchanan,* 92 Md. 334, determining the rights of the parties to a fund paid under an Act of Congress relating to French Spoliation Claims re-affirmed.

Appeal from a decree of the Circuit Court No. 2, of Baltimore City (DENNIS, J.)

The cause was argued before MCSHERRY, C. J., FOWLER, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*Archibald H. Taylor* (with whom were *E. P. Keech, Jr.*, and *Herbert B. Stimpson* on the brief), for the appellants.

On the former appeal it was contended by the present appellants that even if a mistake had been made by the Court of Claims as to the parties constituting the firm of Smith & Buchanan when the losses occurred, which was denied by them, it was not competent for any tribunal but Congress to

correct such mistake, and Congress had, on the contrary, at the instance of representatives of all the parties, ratified the findings of the Court of Claims. But this Court met that contention fairly by holding that there is "nothing in the Acts of Congress to prevent the Courts of this State from now correcting the mistake made by those who instituted the proceedings."

Counsel deem it their duty to call the attention of the Court to the following additional authorities apparently in conflict with this doctrine thus laid down by the Court, which were not upon the former brief in this case: *United States* v. *Louisville*, 169 U. S. 249; *United States* v. *Jordon*, 113 U. S. 418.

The first ground of the motion to dismiss the appeal is, that the appeal is by Esther S. Buchanan, who both as administratrix and personally was a plaintiff below, and by her brother and co-distributee, who was a defendant below. In a word, the ground is, that a plaintiff and defendant below cannot become appellants in the Court above. This certainly seems extraordinary. It would certainly seem extraordinary, that if a plaintiff in an equity suit below were injured by the decree and a defendant were also injured by the same decree, that one of them could not appeal if the other also appealed, and yet this is just what the motion says. In a word, that when the plaintiff, being prejudiced by the decree, made up his mind to appeal, and the defendant, being also prejudiced by the decree, made up his mind to appeal, and both appealed together, then the appeal must be dismissed, because both a plaintiff and defendant below cannot appeal together. If it be meant that the plaintiff and defendant cannot join on the same order of appeal, but must appeal by separate orders, the answer is simple, that there is no such rule and no line of law can be shown to support it. See *Code*, Art. 5, sec. 24; *Littig* v. *Hance*, 81 Md. 416.

Our statute, Article 5, section 24, is intended to give the broadest and freest right to the parties below, whether plaintiffs or defendants, to rearrange themselves as appellants or

appellees, in the suit in the Appellate Court, and a similar statute has been construed in Indiana to the effect that the term "co-parties" means not parties on the same side of the case below, but merely co-parties to the judgment or decree below. *Hadley* v. *Hill*, 72 Ind. 442–449. See also—*Note* 7 *L. R. A.*, 231; *Kaehler* v. *Halpin*, 59 Wis. 42; *In re California Ins. Co.*, 81 Cal. 364; *Collison* v. *Liston*, 25 L. J. Ch. 38, also in 4 *Weekly Reporter*, 133 and 134; *In re Stephen*, 2 Phillip, Ch. Rep. 562–567; The same rule has been frequently illustrated in New York. *Potter* v. *Baker et al.*, 4 Paige, 290; *Cotes* v. *Carroll*, 28 How. Pr. 436, 7 Paige, 48.

The second cause assigned seems due to a mistake of the appellee. Esther S. Buchanan, as administratrix of James A. Buchanan, is not an appellee, as a glance at the record shows. The appellees merely think that she ought to be, and propose to put her on that side of the case, for their own convenience and purposes merely. But as this Court has said, whether in this Court or in the Court below, it is not proper that she should be on both sides of the case. If she had determined to appeal as administratrix of James A. Buchanan, she could have done so, but she had a right to ignore her interest in that particular. The statute expressly says, that she could appeal as administratrix of William B. Buchanan with or without the joinder and assent of the other party plaintiff, if we chose so to regard, the administratrix of James A. Buchanan. The cause assigned by the appellees brings us an absurd conclusion, viz : That as administratrix of William B. Buchanan she could not appeal unless the administratrix of James A. Buchanan were joined with her as appellant, and inasmuch as the administratrix of James A. Buchanan has no cause of appeal, having been allowed more than she was entitled to, (under our theory), therefore as administratrix of William B. Buchanan, she could not appeal at all.

*Arthur W. Machen* and *Arthur W. Machen, Jr.*, (with whom was *Frank P. Clark* on the brief ), for the appellees.

An appeal taken jointly by a plaintiff and a defendant is a

legal solecism.  Parties whose interests are in law so fundamentally different cannot unite in an appeal, even though they be equally aggrieved by the decree of the lower Court. "An appeal like all other judicial proceedings must have proper parties." *Harryman* v. *Harryman*, 49 Md 69; *Stein* v. *Stein*, 80 Md. 308.

That an appeal taken jointly by parties on opposite sides of the record in the lower Court is improper, is a proposition supported not only by sound principle, but also by authority. *Price* v. *Lathrop*, 66 Ga. 247; *W. U. Tel. Co.* v. *Griffith*, 111 Ga. 551; *2 Ency. Pl. and Prac.* 163; *Jones* v. *Etheridge*, 6 Porter, 208; *Chapman Mfg. Co.* v. *Taylor*, 61 Ohio St. 394.

A section of the Code "must be construed with reference to the time and circumstances under which the law from which it is codified was passed, disregarding any changes in the phraseology." *Maurice* v. *Worden*, 52 Md. 284, 294; *Hooper* v. *Creager*, 84 Md. 348.

When so construed, sec. 24 of Art. 5 appears to have been intended to extend the right of appealing separately, without summons and severance, and not to permit joint appeals where separate appeals would otherwise alone be proper.

The appeal in this case should also be dismissed for the reason that Esther S. Buchanan, who sued in the Circuit Court as Esther S. Buchanan, an individual; Esther S. Buchanan, administratrix of William B. Buchanan, and Esther S. Buchanan, admx. *d. b. n, c. t. a.* of James A. Buchanan, is both appellant and appellee—appellant in her own right and as administratrix of William B. Buchanan, and appellee as administratrix of James A. Buchanan.  In *Owens* v. *Crow*, 62 Md. 498, this language was used: "We feel obliged to express our disapproval of a practice which has to some extent prevailed, namely, that of putting the same individual on opposite sides of the record.  In this case we see the name of Ida Crow as complainant in her own right, and the same person appears as defendant in her capacity as executrix.  It is true the responsibilities of the two capacities are different, but they are sustained by the same individual.  It is a solecism

in jurisprudence for a party to sue himself.  The same will would control both the prosecution and the defense.  *   *   * We cannot tolerate such a practice."   The same rule was followed, and *Owens* v. *Crow*, quoted with approval, in *Stein* v. *Stein*, 80 Md. 306; In other States, too, the decisions establish the same doctrine.  *Perkins* v. *Se Ipsam*, 11 R. I. 270.

If the same natural person cannot be both plaintiff and defendant, no more can he be both appellant and appellee. Every argument adduced by this Court in condemnation of the one practice applies with equal force to the other.   We submit that on this ground, as well, the appeal must be dismissed.

If, however, the appeal be  entertained by the Court, it is clear, of course, that the decree appealed from must be affirmed, having been passed in unquestioned conformity with the opinion of this Court on the former appeals.   Indeed, we do not understand that our opponents maintain the contrary, or intend to urge the Court to reverse its former decision.

The appeal is avowedly taken for the purpose of obtaining a final decree of the highest Court in the State, from which alone under the  Federal Judiciary Act a writ of error to the United States Supreme Court will lie.

The fund distributed in this case as representing capital, must be returned to the representatives of those partners who contributed the capital.   Hence, if it appears from the evidence that the capital of the firm composed of Samuel Smith, James A. Buchanan and William B. Buchanan was contributed wholly by the two senior partners, this fund must be distributed exclusively among their representatives.   This is a proposition of State law.   That the two senior partners did contribute the whole capital of the three-partner firm is not upon the evidence open to dispute.   For, while there is not a shred of evidence to show that William B. Buchanan ever contributed a cent to its capital, it does affirmatively appear that these very ships and cargoes, or what amounts to same thing, the resulting claims for indemnity, which were originally the property of Samuel Smith and the elder

Buchanan, if they ever passed to the new firm at all, must have been contributed by the two former owners. Hence, the capital of the new firm must be taken to have been contributed altogether by Samuel Smith and James A. Buchanan. *Baker* v. *Safe Dep. Co.*, 90 Md. 744; *Livingston* v. *Blanchard*, 130 Mass. 341.

JONES, J., delivered the opinion of the Court.

This case was heretofore before this Court with reference to questions raised as to who were entitled to participate in the fund then in the hands of Esther S. Buchanan, administratrix of William B. Buchanan, by reason of an appropriation to her as such administratrix by the Act of Congress of 1899, appropriating moneys to pay French Spoliation Claims, and as to the rule for distribution to be observed in ascertaining the shares of those entitled to participate therein (see case of *Patterson and others* v. *Buchanan, Admr., &c.,* 92 Md. 334.) Upon the first appeal the decree of the Court below was reversed in part and affirmed in part and the case remanded for a decree in accordance with the opinion of this Court. This is an appeal from the decree passed by that Court upon the remand.

The case was instituted by Esther S. Buchanan individually and as administratrix of William B. Buchanan and administratrix *d. b. n. c. t. a.* of James A. Buchanan, to put the funds in her hands under the jurisdiction of a Court of equity and get the direction of the Court in making distribution thereof. Esther S. Buchanan and Wilson C. Buchanan, her co-appellant here, are children of William B. Buchanan and grandchildren of James A. Buchanan. The money to be distributed was appropriated for payment of a so-called French Spoliation Claim—the losses giving rise to the claim having been sustained by the firm of S. Smith & Buchanan. This firm was at first composed of Smith and James A. Buchanan, and later of these two and William B. Buchanan, who survived the other members of the firm. Because of his being the surviving member of this firm, the administratrix of William B. Buchanan presented and was paid the claim for the losses of the firm.

Upon the former appeal this Court decided that the evidence in the cause showing that William B. Buchanan was not a member of the partnership when the losses occurred for which the appropriation in hand was made, his next of kin, as such, were not entitled to share in the fund to be distributed. Accordingly, by the decree passed upon the remand of the case, the next of kin of William B. Buchanan were not admitted, as such, to shares of the fund distributed ; and the same was distributed wholly to the next of kin of the other two members of the partnership, who were living at the date of the decree, and to the administrators of two of these next of kin who had died since the institution of the proceedings in the cause and prior to the decree. The only next of kin of William B. Buchanan, who were living at the date of the Act making the appropriation in question, were the appellants here, Esther S. Buchanan and Wilson C. Buchanan, her brother. When the proceedings in this cause were instituted for the purposes indicated Wilson C. Buchanan was placed upon the docket as a defendant, and under the bill process went against him as such. When the proceedings culminated in the decree passed by the lower Court under the directions of this Court contained in its former opinion the appellants here united in an order of appeal from the decree as follows :

" Esther S. Buchanan *et al.* ⎫ In the Circuit Court No. 2,
⎰ *vs.* ⎬ of Baltimore City.
Wilson C. Buchanan *et al.* ⎭

" *Mr. Clerk:*—Enter an appeal on behalf of Esther S. Buchanan, individually and as administratrix of William B. Buchanan, deceased, and of Wilson Cary Buchanan, from the decree passed in this cause on the twenty-sixth day of June, 1901, to the next Court of Appeals of Maryland "—which was signed by their respective solicitors.

It is insisted here on behalf of the appellees that the appeal thus brought up ought to be dismissed : 1st, Because it is a joint appeal of a plaintiff and a defendant. 2nd. Because Esther S. Buchanan is both appellant and appellee—appellant in her own right and as administratrix of William B. Buchanan, and appellee as administratrix of James A. Buchanan.

It is provided by our Code, Art. 5, sec. 24, that " an appeal shall be allowed from any final decree or order in the nature of a final decree, passed by a Court of equity, by any one or more of the persons parties to the suit, with or without the assent or joinder of plaintiffs or co-defendants in such appeal; provided that if the Court of Appeals shall affirm the decree of the Court below, they shall not award costs of the appeal against any one except the appellant." This law was enacted in its present form in 1864 (see Act. 1864, chap. 156), and shortly after and probably in consequence of the decision of this Court in the case of *Lovejoy* v. *Irelan*, 17 Md. 525, in which it was held that in a suit in equity in which there had been a decree against two or more defendants jointly, one or more such defendants could not appeal from the decree without joining all of their co-defendants unless after summons and severance. The statute not only provided against the recurrence of the hardships that might at any time arise from the rule of practice which was enforced in the case just referred to, but also indicated a policy of the law to disembarrass the valuable right of appeal, and to prevent the obstruction of the right by the use of technical restrictions upon its exercise. The Courts should administer the statute in the spirit of this policy. In a case of the character of the one at bar all the parties thereto are in a sense actors. They are not before the Court, primarily at least, for the purpose of asserting and enforcing rights on one side which are denied and resisted on the other; but for the common object of procuring an orderly and authoritative distribution among them of a fund in which they have interests thus to be ascertained and set apart. The placing of the parties upon the docket and their classification into plaintiffs and defendants are to a great extent matters of arbitrary arrangement; and are determined more from considerations of convenience than from those which rules of practice ordinarily require to be observed in arranging parties to a suit. It would be difficult, indeed, and often impracticable to so arrange or classify parties, in a proceeding such as this, as to preserve, throughout the adjudication of questions per-

taining to their rights, the adverse attitude indicated by the positions assigned them in the suit as plaintiffs or defendants. It frequently occurs that those who may be assigned adverse attitudes in the proceedings at the institution thereof are afterwards brought together by a common interest either in maintaining or questioning matters of adjudication in which they have a joint or common concern. To insist upon a severe exactness in maintaining in such cases the technical relation of the parties to the record irrespective of their real relations to any controverted matter would be to embarrass them in carrying on the litigation, and hinder them in their substantial rights.

Now there is no doubt that in the state of case that we have here both of the appellants in their individual capacities were affected by the decree below in such a manner as to entitle them to an appeal therefrom. It would seem to be altogether immaterial whether in prosecuting such appeal they gave each a separate order or united through their respective counsel in one order of appeal. In either case the matters to be presented here upon the appeal would be presented in the one record according to accepted and recognized practice ; and as the interests involved, as to both the individual appellants, are precisely the same ; and the questions to be determined are identical, making the determination thereof as to one the same as that as to the other ; and as they have been affected in the same way and in the same right by the decree appealed from and by the same part of the decree thus making their interest in the appeal in every aspect identical there certainly can be nothing substantial in the objection urged that the counsel for the parties appealing united in the one order. The same may be said of the uniting in the same order of one of the appellants in her representative capacity. The individual appellants were all the next of kin of William B. Buchanan and represented the entire interest in the fund which was being distributed in the Court below claimed by title under him. The appellant administratrix represented that same interest, and her appeal presented the same identity as to questions to be

determined, called for the same identity of decision and was from the same part or feature of the decree below as was the appeal of the individual appellants.   Parties appealing under the circumstances presented by this case, and having the same common cause of appeal as exists here are not appealing against each other.   There is no necessity, therefore, for cross-appeals notwithstanding they may be on opposite sides of the docket in the trial Court.   No good reason can be assigned why there should be separate appeals ; nor why in the interest of good practice they should not unite in the one order of appeal.

The other ground assigned for dismissing the appeal, that one of the appellants is both the appellant and appellee, is equally untenable.   The appellant referred to appeared on the docket below in her individual capacity, as administratrix *d. b. n. c. t. a.* of one party and as administratrix of another. That is, she appeared in three several capacities in each of which she was in contemplation of law and for the purposes of the particular capacity a different person with distinctive rights, powers and duties pertaining to each.   In this sense she was co-plaintiff with herself.   She had the right to appeal individually and the right to do so in either or both of her representative capacities.   *Littig* v. *Hance,* 81 Md. 416.   In appealing in one or more of these capacities without uniting them all in the appeal she was within the very letter as well as the spirit of the statute we have quoted' which provides for an appeal by one or more plaintiffs or co-defendants without joining the co-plaintiffs or co-defendants.   We see no ground for dismissing the appeal.

We do not think it necessary to review and criticise authorities referred to in the argument of the case.   We have found none of them much in point under the circumstances of this case.   Those cited by the counsel for the appellees were cases in which there was an attempt to unite in the appeal interests that were antagonistic ; or, as in the case of *Owens* v. *Crow,* 62 Md. 491, where circumstances showed the same will in control of both sides of the controversy.   In this case the

suit has been brought as this Court indicated in case of *Owens* v. *Crow, supra,* it should be. The plaintiff, who instituted the proceedings in her representative as well as her individual capacity, made parties thereto, all of those whose interests she represented and they were in Court to protect their interests.

We do not propose to discuss here again the merits of this case. We see no reason for disturbing the former decision upon the points there adjudicated nor to supplement in any way what was there said. We may say that an examination of the additional authorities in that connection to which our attention has been called by counsel for the appellants shows that they would have had no influence upon the decision of the questions determined on the former appeal. These are the cases of *United States* v. *Louisville,* 169 U. S. 249, and *United States* v. *Jordan,* 113 U. S. 418, and are both cases in which a specific appropriation had been made by Act of Congress to a named and ascertained party leaving the government officials nothing to do except to pay over the money so appropriated. In the case here, Congress made an appropriation for the benefit of a class, and it was paid over to a trustee whose duty it was to ascertain who were members of that class within the meaning of the Act of appropriation. The jurisdiction of our Courts to determine questions as to who were entitled to share in the appropriation grew out of this duty imposed upon the trustee.

We are confined in disposing of this appeal entirely to questions affecting the rights of the parties who have brought this appeal and not finding that the appellants have been prejudiced by the decree of the Court below the same will be affirmed.

*Decree affirmed with costs to the appellees.*

(Decided January 30th, 1902.)