Howry, Judge,
delivered the opinion of the court:
This claim is neither a legal nor an equitable one against the United States in the sense of contract, express or implied. For this reason it is not a claim in a strictly constitutional sense. Though the act complained of was a grievous wrong against the inoffending citizen and not the subject matter of a remedy in the courts against the Government (beyond this report for congressional consideration and action) , nevertheless the wanton destruction of the claimant’s property by those who had been sent to the vicinity to protect it, to the exclusion of the local authorities, is a matter of such consideration as to strongly appeal to the legislative department to remedy by an appropriation.
The doctrine that the General Government can not be sued without consent of the sovereign has been held to have no application to officers and agents of the United States who, holding for public uses possession of real property, are sued therefor by a person claiming to be the owner thereof or entitled thereto.
If his real property be taken by force and be converted to public use without lawful authority or due process of law, the only remedy is an action of ejectment against the officers in possession.
In United States v. Lee, 106 U. S., 197, it appeared that a citizen had been deprived of his real property by force, his estate seized and converted to public use without lawful authority, without process of law, and without compensa *508 tion, on an Executive order, and officers of the Government were in possession. A remedy was afforded the citizen in an action to eject the officers in possession. The court said that the law of this country could not sanction a tyranny which had no existence in any government having a just claim to the protection of personal rights, and took the occasion to further say that no man in this country is so high as to be above the law; that the ends of justice did not give immunity from judicial inquiry to officers of the Army who had without proper authority taken the property of the citizen, even though such officers were sheltered behind an order of the President.
The foregoing authority is apposite as illustrating here, not the right to bring an action against the United States in cases sounding in tort in the present state of the law (except for the taking of real estate), but to vindicate the right of all persons, natural or artificial, to avail themselves of all remedies within the constitutional power of any branch of the Government with jurisdiction to afford.
It is within the constitutional power of Congress to determine whether claims upon the Public Treasury are founded upon moral and honorable obligations and upon principles of right and justice. There are many precedents which have resulted in appropriations under this statement of the principle. A few having the sanction of the Supreme Court as to “ the practice of Congress since the adoption of the Constitution ” are the cases of United States v Realty Co., 163 U. S., 441; Emerson v. Hall, 18 Pet., 409; United States v. Price, 116 U. S., 43; Williams v. Heard, 140 U. S., 529.
If it be the law of this country for the United States to have an army of defense against domestic or foreign invasion, the peaceful citizen is entitled to equal protection ; where troops are sent to protect him ar:1 surround his home. / Legislative relief is all that can be afforded against depredations of enlisted men in camp who are not controlled by the necessary and proper discipline as shown in the present case. - Especially is this so where the civil authority is suspended as it was in the case at bar.
The findings will be transmitted to Congress with the conclusions of the court and a copy of this opinion.